Faisal Gill (SBN 263416)
Aimee Gill (SBN 326758)
Gill Law Firm
505 N Brand Blvd, Suite 1200
Glendale, CA 91203
310-418-6675
202-318-5331 (fax)
Fgill@glawoffice.com
Agill@glawoffice.com

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| NORTHERN LIGHT MEDICAL MANAGEMENT, LLC, a Wyoming limited liability company,<br><br>    Plaintiff<br><br>AMERICAN HEALTHCARE SYSTEMS CORP., INC., et al.<br><br>    Defendants | CASE NO. 2:25-cv-3643<br><br>AMERICAN HEALTHCARE SYSTEMS CORP., INC. and WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC'S ANSWER AND COUNTERCLAIM<br><br>Complaint Filed:   April 24, 2025<br>Assigned to:   Hon. Mark C. Scarsi |

Defendants AMERICAN HEALTHCARE SYSTEMS CORP., INC. and WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC (hereinafter "AHS" and "Vista" or together as "Defendants"), by and through their undersigned counsel, hereby answers Plaintiff's Complaint (the "Complaint") filed in the above-captioned case by Plaintiff NORTHERN LIGHT MEDICAL MANAGEMENT, LLC ("Plaintiff"). Defendants deny each and every allegation set forth in the Complaint except for those allegations expressly and specifically admitted below. Defendants have

---

ANSWER AND COUNTERCLAIM

utilized the headings contained in Plaintiff's Complaint. To the extent Plaintiff's headings set forth legal or factual allegations that requires Defendants to answer, Plaintiff denies the allegations set forth therein.

## COMPLAINT

## THE PARTIES

1. Defendants have no information to admit or deny.

2. Admit.

3. Deny.

4. Deny.

5. Deny.

6. Deny.

7. Deny.

## JURISDICTION AND VENUE

8. Deny.

9. Deny.

10. Deny.

## GENERAL ALLEGATIONS

11. Defendants restate their responses from all of the foregoing paragraphs as though fully set forth herein.

12. Deny.

13. Deny.

14. Admit.

15. Deny as AHS denies that it voluntarily entered into the contract given that it relied on NLMM's fraudulent representations.

16. Admit.

17. Admit.

18. Defendants state that the document attached as Exhibit A of Plaintiff's Complaint speaks for itself.

19. Document speaks for itself.

20. Document speaks for itself.

21. Admit only so much as the document speaks for itself. Defendants state that Plaintiff knowingly reduced expected amounts on their pro forma in order to have Defendants essentially capitalize their company for them.

22. Deny.

23. Document speaks for itself.

24. Admit.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Admit only that NLMM agreed to pay these fees and it was not a pass through cost.

32. Admit only that NLMM paid the money and issued invoice. Defendants do not admit the validity or enforceability of the invoice.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

## FIRST CLAIM FOR RELIEF

### Breach of Contract

42. Defendants restate their responses from all of the foregoing paragraphs as though fully set forth herein.

43. Deny.

44. Admit.

45. Deny in that NLMM was not entitled to compensation based on their fraudulent representations to induce AHS to sign contract and their material breach and failure to perform duties under the Contract.

46. Document speaks for itself.

47. Document speaks for itself.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

53. Deny in as far as it is not considered a pass through cost.

54. Admit.

55. Deny.

56. Deny. Defendants on multiple occasions notified NLMM of their failure to perform under the Contract.

57. Deny.

58. Deny.

59. Deny.

60. Deny.

## SECOND CLAIM FOR RELIEF

### Breach of the Implied Covenant of Good Faith and Fair Dealing

61. Defendants restate their responses from all of the foregoing paragraphs as though fully set forth herein.

62. Deny.

63. Deny.

64. Deny.

65. Deny. NLMM's performance was inconsistent, inadequate and unprofessional as documented through multiple communications between Vista and NLMM.

    a. Deny.

    b. Deny.

    c. Deny.

ANSWER AND COUNTERCLAIM

      d. Deny.

      e. Deny.

66. Deny.

67. Deny.

### THIRD CLAIM FOR RELIEF

**Common Count: Goods and Services Rendered**

68. Deny.

69. Deny.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

### FOURTH CLAIM FOR RELIEF

**Accounting**

74. Defendants restate their responses from all of the foregoing paragraphs as though fully set forth herein.

75. Deny.

76. Deny.

77. Deny.

78. Deny.

79. Deny.

80. Deny.

81. Deny.

82. Deny.

83. Deny.

## AFFIRMATIVE DEFENSES

84. Failure of Consideration: The consideration promised by NLMM was not provided or was inadequate.

85. Estoppel: NLMM, through their actions, representations, or silence, induced AHS and Vista to believe certain facts and act upon them to their detriment.

86. Fraud: NLMM made false representations or concealment of material facts with the intent to deceive, which results in damage to AHS and Vista.

87. Unclean Hands: NLMM acted unethically or in bad faith concerning the subject matter of the contract.

## COUNTERCLAIM

88. Defendant and Counterclaimant, AHS, provides management and support services to various hospitals nationwide in order to revitalize and strengthen their critical care for their patient communities.

89. Defendant Vista owns and operates a hospital in Waukegan, Illinois, with the majority of its patient population receiving care through Medicaid and federal funding.

90. In or around the summer of 2024, AHS was in need of radiology services for their hospital, Randolph Health, in North Carolina.

91. At the time, there was a shortage in radiology services and AHS was having a hard time finding critical services needed for continuation of patient care.

92. NLMM presented their company to AHS as a well experienced company with the ability to immediately provided highly qualified physicians for continuous and highly competent radiology coverage for their hospitals.

93. NLMM stated to AHS that they had doctors already recruited and ready to immediately provide services to AHS.

94. NLMM further stated that they had the ability to help AHS recruit for needed services locally and to provide medical director services for their radiology department.

95. NLMM repeatedly stated that they had the ability to immediately provide continuous radiology coverage with doctors already recruited by NLMM.

96. NLMM stated that they had doctors recruited, vetted, and equipment ready in order to provide services immediately after signing a contract.

97. However, NLMM knew these statements to be false.

98. NLMM made these statements with the intent to induce AHS into signing an Agreement with them.

99. They further made the statements in the pro forma invoices for the hospitals, knowing these statements to be false as they were woefully inadequate and clearly not expected costs from an experienced company.

100.    AHS relied on NLMM's false statements to their detriment by signing the agreement and paying NLMM money to provide services.

101.    From the beginning of their services, NLMM provided inaccurate, incomplete, and unprofessional services to AHS.

102. On numerous occasions, multiple staff from Vista notified NLMM about their incorrect reports, requesting addendums which would take an unreasonable amount of time to receive.

103. NLMM consistently had trouble fulfilling their duty to provide 2.5 FTE physicians for radiology services and had to provide a numerous amount of doctors who would fill in but would not complete their work and would become unreachable in order to follow up on getting an accurate and complete report.

104. NLMM continuously was untimely in the provision of their services, failing to meet the expected turnaround time for numerous cases.

105. NLMM's unprofessional and untimely work created risk to patient safety, often times leading to complaints from physicians and patients who did not receive their radiology reports in a timely manner.

106. AHS communicated notice to NLMM of their failure to provide adequate services under the agreement through various methods, including phone and email communication to Brian Schenker, Vista's point of contact for NLMM, and weekly meetings held with leadership of both entities.

107. During each of these communications, NLMM admitted that they needed to improve their services, but never actually took any efforts to improve.

108. Despite numerous notices of their clear breach of the agreement, NLMM never cured any defects in their performance, or lack thereof.

109. Further, NLMM agreed under the contract to provide a Medical Director for Radiology Services.

110. At both Randolph Health and Vista, NLMM never provided either facility with such services despite the extensive amount of duties they agreed to undertake under the agreement.

111. As such, NLMM breached the Master Services Agreement numerous times and caused AHS significant damages, in an amount to be determined at trial.

### First Claim for Relief

### Fraud

112. In or around the summer of 2024, in an effort to induce AHS into entering a Master Services Agreement with NLMM, NLMM knowingly made multiple false statements to AHS regarding their experience and ability to provide adequate radiology services to AHS.

113. AHS relied on NLMM's knowingly false statements to their detriment, by entering into the Agreement and paying NLMM and vendors in an effort to integrate NLMM.

114. Immediately after entering into the Agreement, it became clear that NLMM was unable to adequately provide services to AHS and that NLMM knowingly made these false statements despite knowing them to be false.

115. As a result, AHS and Vista suffered significant damages, in an amount to be determined at trial, but no less than $200,000.00.

### PRAYER FOR RELIEF

WHEREFORE, Defendants and Counterclaimants pray for judgment against Plaintiff/Counter defendant, as follows:

1. For general damages, according to proof at trial;

2. For special damages, according to proof at trial;

3. For compensatory damages, according to proof at trial;

4. For punitive and exemplary damages, according to proof at trial;

5. For pre-judgment and post-judgment interest at the maximum legal rate;

6. For attorneys' fees and costs, as permitted by law; and

7. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants/Counterclaimants hereby demand a trial by jury on all issues and causes of action triable by a jury.

DATED: May 27, 2025          Respectfully submitted,


　　　/s/ Faisal Gill_____
Faisal Gill
　　　/s/ Aimee Gill_____
Aimee Gill


Attorneys for Defendants/Counterclaimants

PROOF OF SERVICE

I am over the age of 18 and not a party to the within action; I am employed by GILL LAW FIRM in the County of Los Angeles at 505 N. Brand Blvd., Suite 1200, Glendale, CA 91203.

On May 27, 2025, I served the foregoing document(s) described as:

Defendants' Answer and Counterclaim

TO: Christopher Frost, chris@frostllp.com; Benjamin Kassis, ben@frostllp.com; David Tiraturyan, david1@frostllp.com

√ (BY E-MAIL OR ELECTRONIC TRANSMISSION) I caused the document(s) to be sent from e-mail address agill@glawoffice.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. Further, this document was filed through ECF e-filing services which provided a copy to all registered attorneys of record.

√ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 27, 2025, at Glendale, California.

　　　　　　　　　　　　　　　　　　　　__/s/ Aimee Gill_____

　　　　　　　　　　　　　　　　　　　　Aimee Gill