Faisal Gill (SBN 263416)
Aimee Gill (SBN 326758)
Gill Law Firm
1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067
310-418-6675
202-318-5331 (fax)
Fgill@glawoffice.com

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| NORTHERN LIGHT MEDICAL MANAGEMENT, LLC, a Wyoming limited liability company,<br><br>Plaintiff<br><br>v.<br><br>AMERICAN HEALTHCARE SYSTEMS CORP., INC., et al.<br><br>Defendants | CASE NO. 2:25-cv-3643<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S APPLICATION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT<br><br>Hearing:<br>Judge: Hon. Brianna Fuller Mircheff<br>Date: June 17, 2025<br>Time: 10:00am<br>Crtrm.: 780 (7th floor)<br>    Roybal Federal Building<br>    255 E. Temple Street<br>    Los Angeles, CA 90012<br><br>Complaint Filed:    April 24, 2025 |

Defendants and Counterclaimants, American Healthcare Systems Corp., Inc. ("AHS") and Waukegan Illinois Hospital Company, LLC ("Vista"), respectfully submits its Memorandum of Points and Authorities in Opposition to the Application of Plaintiff and Counterdefendant, Northern Lights Medical Management, LLC, ("NLMM") for Right to Attach Order and Writ of Attachment.

I.        Preliminary Statement

As seen in the declarations of Anthony Sunzeri, Michele Newby, and Michael Tartakovsky, throughout the history of NLMM's brief business relationship with Vista, NLMM has been in material breach of its contract, including, but not limited to, failing to provide continuous radiology coverage, failing to provide correct and complete radiology reports, failing to provide a Medical Director for Radiology Services, causing Vista substantial damages, and invoicing for pass through expenses that had no connection to services performed by NLMM for Vista, all of which preclude NLMM from any recovery in this action. As a result, NLMM's application for the drastic remedy of a pretrial attachment should be denied.

Defendants oppose Plaintiff's application for a writ of attachment on the grounds that Plaintiff has failed to meet the statutory requirements under California law. Specifically, Plaintiff has not demonstrated the probable validity of its claim, as required by California Code of Civil Procedure (CCP) 484.090(a)(2), due to its failure to perform its own contractual obligations. Contrary to Plaintiff's allegations, Plaintiff was notified numerous times by multiple employees in different methods of communication (i.e. phone calls, texts, email communication, and weekly meetings) about their poor and unprofessional performance. A writ of attachment is an extraordinary remedy that should not be granted unless all statutory prerequisites are satisfied.

Plaintiff seeks to attach to funds which are federal funds for the care of Medicaid patients as Vista hospital, which is the majority population that Vista cares for. Plaintiff ignores their complete disregard of providing quality care for these patients and continues to seek to limit their access to care by restricting funds which are critical for the care of the Vista patient community. If the Court grants Plaintiff's frivolous application for Writ of Attachment, it will cause an

immediate risk to patient safety as the access to funds for daily operations is imperative to the care of livelihood of Vista's patients.

II.     Legal Standard

Under California law, a writ of attachment is available only if the plaintiff demonstrates the following: (1) the claim is one upon which an attachment may issue; (2) the probable validity of the claim; (3) the attachment is not sought for a purpose other than recovery of the claim; and (4) the amount to be secured by the attachment is greater than zero. *Shield v. Corum*, 2017 Cal. Super. LEXIS 64157, *Park v. NMSI, Inc.*, 96 Cal. App. 5th 346. CCP 484.090(a), *Herrera v. Erickson*, 2018 Cal. Super. LEXIS 45405. A claim has probable validity when it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim. *Am. Int'l Supply v. Kwon*, 2016 Cal. Super. LEXIS 24826, CCP 481.190, *Pawnee Leasing Corp. v. Imaged*, 2021 Cal. Super. LEXIS 139168, *Santa Clara Waste Water Co. v. Allied World National Assurance Co.,* 18 Cal. App. 5th 881. The burden of proof lies with the plaintiff to establish these elements.

III.    Argument

Plaintiff has failed to establish the probable validity of its claim because it has not performed its own obligations under the contract. California law requires that a plaintiff seeking a writ of attachment must show that its claim is based on a valid and enforceable contract. If the plaintiff has materially breached the contract, it cannot enforce the contract against the defendant. A material breach by the plaintiff is a valid defense to the enforcement of a contract.

The California Supreme Court has recognized that attachment is a harsh remedy because it deprives the defendant of control over its property before the plaintiffs claim is adjudicated.

*Hitachi Capital Am. Corp v. Ot Trucklines*, 2020 Cal. Super. LEXIS 72870. Therefore, courts must carefully scrutinize whether the plaintiff has met its burden of proof. Here, Plaintiffs failure to perform its contractual duties undermines the validity of its claim and precludes the issuance of a writ of attachment.

      a. NLMM failed to provide continuous radiology coverage, putting patient care at risk.

Contrary to NLMM's allegations in their Complaint and Application for Writ of Attachment, NLMM failed to provide continuous radiology coverage through 2.5 full time physicians and teleradiology. On multiple occasions, NLMM did not provide the physician coverage as outlined in their obligations under the contract. First, while they would have physicians on the schedule, many times physicians would not work the hours that were shown on the schedule, thus causing inadequate patient care for those patients scheduled based on NLMM's assurances of the coverage being provided. (See Newby Decl. Exh 2). Further, on at least one occasion, NLMM had trouble finding coverage for three straight days, causing a significant decline in patient care. (Exh. A).

      b. NLMM failed to provide consistent correct and complete radiology reports, putting patient care at risk.

Further, NLMM provided inconsistent, inaccurate and incomplete reads through the tenure of their services to Vista. As explained by Michele Newby, an Certified Oncology Nurse with 38 years of experience, she had never seen such poor performance in radiology services in her career. Newby explained that on numerous occasions she and other employees at Vista notified NLMM of their failure to provide quality services and complete work. She explained

that doctors were complaining about the untimeliness of radiology reports and she would contact Brian Schenker of NLMM with these issues. Newby explained that it got so bad that she had to file reports with quality based on NLMM's lack of quality work in their radiology services. However, during their time, NLMM never cured their unprofessional performance.

      c. NLMM invoiced for pass through expenses that did not apply to work done for Vista.

Also, NLMM invoiced Vista for "pass-through expenses" that had nothing to do with work for Vista. In Invoice #000294, NLMM invoiced Vista for workstations for sixteen (16) different physicians, when their Pro Forma invoice showed that NLMM contemplated only three (3). This increased the cost by six times over what was expected, which is a clear indication that NLMM did not have doctors ready to provide services as they assured AHS before they entered the contract. In looking closely at the justification for the invoice, NLMM charged Vista costs for doctors who never provided services for the hospital. All of the doctors listed in the invoice never fulfilled their requirements for credentialing and some were not even provided temporary privileges to provide services to Vista.

Further, NLMM sent invoices for locum tenens costs when they failed to provide 2.5 FTE physicians as required under the contract, and failed to establish in their invoice, and in their application for writ of attachment, that they met their requirement of paying $246,715.83 for labor costs. (Tartakovsy Decl., Pl. App. Writ Att. p. 62, 81-85). Thus, they have not established that they are entitled to such expenses.

      d. NLMM never provided a Medical Director of Radiology Services, as required by the contract.

Pursuant to Section 2.03 of the Contract, NLMM was obligated to provide

> the services of a Physician board-certified in Radiology to serve as Medical Director of Radiology Services at Healthcare Organization and perform those duties set forth on Schedule 2.01(1) attached hereto and incorporated by reference herein, as such duties may be reasonably amended or supplemented in accordance with the Healthcare Organization's Medical Staff governing documents or other applicable policies, rules and regulations. The administrative services to be provided by the Medical Directors shall be reasonable, limited, and directly related to the Services provided by Group. The Medical Director shall be subject to the approval of Healthcare Organization and shall devote such time as is necessary to carry out his/her duties as Medical Director.

Despite their obligation to do so, NLMM never provided a Medical Director of Radiology Services. No employee at Vista ever remembers anyone being introduced as a potential Medical Director of Radiology Services. (See Newby Decl., Sunzeri Decl.). Schedule 2.01 provides a long list of services for which the Medical Director would provide which would be of significant value to Vista. However, NLMM completely ignored their obligations under this section and continues to do so even in their arguments to this Court. Thus, NLMM materially breached the contract by failing to provide such services.

    e. Defendants/Counter Plaintiffs have a valid argument for fraudulent inducement against NLMM.

When NLMM presented to AHS about providing their services, AHS was in need of radiology and there was a shortage of providers in this service area. (Gill Decl.) NLMM stated to AHS that not only were they experienced in the practice of radiology services, but that they had highly qualified doctors ready to provide services to their hospitals and would help recruit doctors to their facility. (Gill Decl.) Based on the exorbitant charges brought from locum tenens and multiple revolving doctors through the very brief period for which NLMM provided Vista

services, NLMM clearly knew this statement to be false. (Gill Decl., Tartakovsky Decl., Sunzeri Decl.) Relying on NLMM false statements, Vista entered into a contract with NLMM for their services. As a result, Vista paid money to NLMM for inadequate services and paid for technology integration for a company who could not properly provide coverage and competent services for their hospital.

IV.     Conclusion

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's application for a writ of attachment. Plaintiff has failed to demonstrate the probable validity of its claim, as required under CCP 484.090(a)(2), due to its failure to perform its own contractual obligations, yet seeks to withhold funds from Vista and in turn immediately cease cri. Granting a writ of attachment under these circumstances would be contrary to California law and the principles of equity.

DATE: May 27, 2025                               Respectfully submitted,


                                                 __/s/ Faisal Gill_____
                                                 Faisal Gill

                                                 __/s/ Aimee Gill_____
                                                 Aimee Gill

                                                 Attorneys for Defendants/Counterclaimants

PROOF OF SERVICE

I am over the age of 18 and not a party to the within action; I am employed by GILL LAW FIRM in the County of Los Angeles at 505 N. Brand Blvd., Suite 1200, Glendale, CA 91203.

On May 27, 2025, I served the foregoing document(s) described as:

Defendants' Opposition to Plaintiff's Application for Right to Attach Order and Writ of Attachment

TO: Christopher Frost, chris@frostllp.com; Benjamin Kassis, ben@frostllp.com; David Tiraturyan, david1@frostllp.com

√ (BY E-MAIL OR ELECTRONIC TRANSMISSION) I caused the document(s) to be sent from e-mail address agill@glawoffice.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. Further, this document was filed through ECF e-filing services which provided a copy to all registered attorneys of record.

√ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 27, 2025, at Glendale, California.

　　　　　　　　　　　　　　　　　　__/s/ Aimee Gill_____

　　　　　　　　　　　　　　　　　　Aimee Gill