CHRISTOPHER FROST (SBN 200336)
chris@frostllp.com
BENJAMIN KASSIS (SBN 298844)
ben@frostllp.com
DAVID TIRATURYAN (SBN 350995)
david1@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Plaintiff
NORTHERN LIGHT MEDICAL MANAGEMENT, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NORTHERN LIGHT MEDICAL MANAGEMENT, LLC, a Wyoming limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN HEALTHCARE SYSTEMS CORP., INC., a Nevada corporation; WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d.b.a. VISTA MEDICAL CENTER EAST, an Illinois limited liability company; DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:25-cv-03643-MCS-BFM<br><br>*Assigned to: Hon. Mark C. Scarsi*<br><br>**DECLARATION OF MARK RABINOVICH IN SUPPORT OF REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF NORTHERN LIGHT MEDICAL MANAGEMENT, LLC'S APPLICATION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT**<br><br>*Filed concurrently with Reply Memorandum in Support of Application for Right to Attach Order and Writ of Attachment*<br><br><u>Hearing Information</u><br>Judge:  Hon. Brianna Fuller Mircheff<br>Date:   July 1, 2025<br>Time:   10:00 a.m.<br>Crtrm.: 780 (7th Floor)<br>         Roybal Federal Building<br>         255 E. Temple Street<br>         Los Angeles, California 90012<br><br>Action Filed:   April 24, 2025 |

DECLARATION OF MARK RABINOVICH IN SUPPORT OF REPLY MEMORANDUM

# DECLARATION OF MARK RABINOVICH

I, Mark Rabinovich, declare as follows:

1. I am the Executive Vice President of Plaintiff Northern Light Medical Management, LLC ("NLMM" or "Plaintiff"), which is a party to this action. I have personal knowledge of the facts set forth herein, which are known by me to be true and correct, and, if called upon to testify as a witness, I could and would competently testify thereto. I make this Declaration in support of NLMM's concurrently filed Reply Memorandum in support of its Application for Right to Attach Order and Writ of Attachment (the "Application").

2. I have reviewed NLMM's financial records regarding the Labor Cost Allowance requirement under Section 5.03(B) of the Master Services Agreement and incorporated Facility Addenda (the "Agreement"). In my review, I confirmed that NLMM satisfied its monthly obligation to pay $246,715.83 in labor costs before invoicing American Healthcare Systems Corp., Inc. ("AHSC") and Waukegan Illinois Hospital Company, LLC ("Vista") (together, "Defendants") for any excess locum tenens expenses.

3. When NLMM submitted its invoices for pass-through locum tenens expenses to Defendants, each invoice was accompanied by a Microsoft Excel spreadsheet that clearly showed the Labor Cost Allowance credit was applied and identified each physician who performed services with the respective cost associated with that physician's work. Attached hereto as **Exhibit A** are true and correct copies of the foregoing supporting information, with physician names redacted to preserve privacy.

4. The invoiced amounts for locum tenens costs therefore represent only the excess costs above the $246,715.83 Labor Cost Allowance that NLMM absorbed, which are contractually authorized pass-through expenses under Section 5.03(B) of the Agreement. Only after satisfying this threshold obligation did NLMM invoice Defendants for these excess costs.

5. NLMM also engaged a Medical Director at Vista, as required under Section 2.03 of the Agreement. Specifically, NLMM appointed Dr. Bradley Abramson to serve as Medical Director. Before Dr. Abramson began serving in this role, Dr. Neil Rosenquist acted as the interim Medical Director. Importantly, the Medical Director role does not require an on-site presence, so the physical presence or absence of a particular individual at the facility does not reflect whether the position was properly filled.

6. Throughout the term of the Agreement, NLMM provided continuous radiology coverage at Vista and staffed the facility with qualified radiologists, ensuring 24/7 coverage through a combination of on-site physicians and teleradiology services.

7. At no time during the Agreement's term did Defendants provide NLMM with a written notice of breach or a demand for cure pursuant to Section 9.02(B) of the Agreement. Nor did Defendants make any formal, contemporaneous objection to NLMM's services or submit to NLMM any written complaint regarding the quality or adequacy of the radiology coverage provided.

8. Based on my experience overseeing NLMM's operations, I can confirm that workstations for radiologists must be purchased and configured in advance of completing physician credentialing. This is standard practice in the healthcare industry because credentialing is often the final administrative step before a physician can begin treating patients. If NLMM waited until after credentialing was completed to order workstations, there would be significant delays in physicians being able to start work, as workstation procurement, delivery, and configuration typically takes several weeks. Thus, to ensure physicians could begin providing services immediately upon receiving privileges, the necessary infrastructure must have already been in place.

9. In my prior Declaration in support of the Application, I inadvertently stated that "NLMM commenced performance under the Agreement on December 2, 2024." (ECF No. 14-3 ¶ 10.) The Agreement's start date was November 1, 2024.

10. Notably, shortly after the agreement with AHSC was executed, Vista's senior leadership contacted NLMM to permit our physicians to start working in October. We agreed with the understanding that their labor would be reimbursed on a dollar-for-dollar basis while the billing for their services would be performed directly by Vista.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 17th day of June, 2025.

_____
Mark Rabinovich

3
DECLARATION OF MARK RABINOVICH IN SUPPORT OF REPLY MEMORANDUM