CHRISTOPHER FROST (SBN 200336)
chris@frostllp.com
BENJAMIN KASSIS (SBN 298844)
ben@frostllp.com
DAVID TIRATURYAN (SBN 350995)
david1@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Plaintiff and Counter-Defendant
NORTHERN LIGHT MEDICAL
MANAGEMENT, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NORTHERN LIGHT MEDICAL MANAGEMENT, LLC, a Wyoming limited liability company,<br><br>                    Plaintiff,<br><br>          vs.<br><br>AMERICAN HEALTHCARE SYSTEMS CORP., INC., a Nevada corporation; WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d.b.a. VISTA MEDICAL CENTER EAST, an Illinois limited liability company; DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No. 2:25-cv-03643-MCS-BFM<br><br>*Assigned to: Hon. Mark C. Scarsi*<br><br>**NORTHERN LIGHT MEDICAL MANAGEMENT, LLC'S RESPONSE TO ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**<br><br>**[ECF No. 33]**<br><br>*Filed concurrently with Declaration of Mark Rabinovich and David Tiraturyan* |
| AMERICAN HEALTHCARE SYSTEMS CORP., INC., a Nevada corporation,<br><br>                    Counterclaimant,<br><br>          vs.<br><br>NORTHERN LIGHT MEDICAL MANAGEMENT, LLC, a Wyoming limited liability company,<br><br>                    Counter-Defendant. | |

# **TABLE OF CONTENTS**

I.    PROCEDURAL AND FACTUAL BACKGROUND ..........................................1

II.   COMPLETE DIVERSITY EXISTS BETWEEN NLMM AND
      DEFENDANTS. ...........................................................................................2

      A.    NLMM's Citizenship. ................................................................2

      B.    Defendants' Citizenship. ...........................................................3

            1.    American Healthcare Systems Corp., Inc. ......................3

            2.    Vista ......................................................................4

      C.    Should the Court Find Diversity Lacking, NLMM is Willing to
            Dismiss Vista as a Dispensable Party to Perfect Jurisdiction. ....................8

III.  CONCLUSION ..................................................................................10

NORTHERN LIGHT MEDICAL MANAGEMENT, LLC'S RESPONSE TO ORDER TO SHOW CAUSE RE:
SUBJECT MATTER JURISDICTION

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*,
  94 F.3d 586 (9th Cir.), *supplemented*, 95 F.3d 1156 (9th Cir. 1996)....................4

*Certified Bldg. Prods., Inc. v. N.L.R.B.*,
  528 F.2d 968 (9th Cir. 1976) ...........................................................................4

*Garza v. Brinderson Constructors, Inc.*,
  178 F. Supp. 3d 906 (N.D. Cal. 2016)...............................................................7

*Grupo Dataflux v. Atlas Glob. Grp., L.P.*,
  541 U.S. 567 (2004) ...........................................................................................8

*Hertz Corp. v. Friend*,
  559 U.S. 77 (2010) .............................................................................................3

*Johnson v. Columbia Props. Anchorage, LP*,
  437 F.3d 894 (9th Cir. 2006) .........................................................................2, 4

*Kanter v. Warner-Lambert Co.*,
  265 F.3d 853 (9th Cir. 2001) .............................................................................6

*Lew v. Moss*,
  797 F.2d 747 (9th Cir. 1986) .....................................................................5, 6, 7

*Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*,
  829 F.3d 1048 (9th Cir. 2016) ...........................................................................8

*Newman-Green, Inc. v. Alfonzo-Larrain*,
  490 U.S. 826 (1989) ...........................................................................................8

*Northrop Corp. v. McDonnell Douglas Corp.*,
  705 F.2d 1030 (9th Cir. 1983) ...........................................................................8

*Sams v. Beech Aircraft Corp.*,
  625 F.2d 273 (9th Cir. 1980) .............................................................................8

**Federal Statutes**

28 U.S.C.
  § 1332 .......................................................................................................1, 3, 10

**Other Authorities**

Fed. R. Civ. P. 19...........................................................................................8, 9, 10

Fed. R. Civ. P. 21........................................................................................8, 10, 11

NORTHERN LIGHT MEDICAL MANAGEMENT, LLC'S RESPONSE TO ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

Plaintiff and Counter-Defendant Northern Light Medical Management, LLC ("NLMM" or "Plaintiff"), by and through its counsel of record, respectfully submits this Response to the Court's Order to Show Cause re: Subject Matter Jurisdiction ("OSC," ECF No. 33) dated July 3, 2025.

## I. PROCEDURAL AND FACTUAL BACKGROUND

NLMM filed its Complaint in this action on April 24, 2025, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1). (Compl. ¶ 8, ECF No. 1.) In its July 3, 2025 Order to Show Cause re: Subject Matter Jurisdiction, the Court directed NLMM to confirm the citizenship of its members to ensure complete diversity exists and thus establish the Court's subject matter jurisdiction. (OSC at 2.)

In preparing the Complaint, NLMM's counsel conducted a thorough investigation and diligently searched for information regarding the citizenship of Waukegan Illinois Hospital Company, LLC's ("Vista") members, as it is a limited liability company. (Declaration of David Tiraturyan ["Tiraturyan Decl."] ¶¶ 2–3, 9–11.) Plaintiff's counsel located Vista's manager information from the Illinois Secretary of State's website, but was unable to locate publicly available information identifying Vista's members. (*Id.* ¶¶ 10–11.)

Moreover, during the parties' Rule 26(f) conference on June 30, 2025, both Plaintiff's and Defendants' counsel agreed that subject matter jurisdiction existed over this action. (*Id.* ¶¶ 13–14.) Notably, Defendants' counsel raised no objection and made no mention of any potential issue relating to the citizenship of Vista's members or the possible lack of complete diversity.[1] (*Id.* ¶¶ 15–16, Ex. G.) As such, NLMM

---

[1] (*See also* Joint Rule 26(f) Report at 5:25–6:6, ECF No. 35 ["The parties agree that the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between Plaintiff and Defendants… ***None of Defendant Vista's members are citizens of Wyoming or Florida***, and none of NLMM's members are citizens of Illinois, Nevada, or California." (emphasis added)]).

NORTHERN LIGHT MEDICAL MANAGEMENT, LLC'S RESPONSE TO ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

believes these representations and publicly available records are sufficient to establish subject matter jurisdiction.[2]

## II.    COMPLETE DIVERSITY EXISTS BETWEEN NLMM AND DEFENDANTS.

### A.    NLMM's Citizenship.

NLMM is a limited liability company organized under the laws of the State of Wyoming, with its headquarters in Hollywood, Florida. (Declaration of Mark Rabinovich ["Rabinovich Decl."] ¶ 2.) However, as the Court correctly noted in the OSC, the citizenship of a limited liability company is determined by the citizenship of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("an LLC is a citizen of every state of which its owners/members are citizens.").

Here, NLMM's members include the following individuals and entities: (i) Patrick Santore, Jr., a Florida citizen; (ii) Mark Rabinovich, a Florida citizen; (iii) Noah's Ark Investments, LLC, a Wyoming limited liability company; (iv) A2Z MOS Holdings LLC, a Florida limited liability company; and (v) JRS Capital, LLC, a Tennessee limited liability company. (Rabinovich Decl. ¶¶ 3–5.)

Noah's Ark Investments, LLC's sole member and principal is Irina Gampel, who is a citizen of Florida. (*Id.* ¶ 5.a.) A2Z MOS Holdings LLC's sole member is A2Z Trust dated June 18, 2018, whose principal and trustee, Ernest Tepman, is a citizen of Florida. (*Id.* ¶ 5.b.) A2Z MOS Holdings LLC was originally organized in California as a limited partnership under the name of A2Z Holdings, LP, but was converted to a Florida limited liability company on August 23, 2018. (*Id.* ¶¶ 5.c.,

---

[2] Should the Court determine that the current record is insufficient, and if Defendants are unwilling to voluntarily provide NLMM with specific identifying information concerning Vista's members, NLMM respectfully requests leave to conduct limited jurisdictional discovery to confirm the identity and citizenship of all Vista members.

Ex. A.) JRS Capital, LLC's sole member and principal, Steven Springborn, is a citizen of Tennessee. (*Id.* ¶ 5.d.)

Therefore, based on the citizenship of all its members, NLMM is a citizen of Florida and Tennessee for purposes of diversity jurisdiction. (*See id.* ¶ 6.)

**B.    Defendants' Citizenship.**

**1.    American Healthcare Systems Corp., Inc.**

For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…" 28 U.S.C. § 1332(c)(1). Here, it is undisputed that American Healthcare Systems Corp., Inc. ("AHSC") is incorporated in the State of Nevada. (*See* Tiraturyan Decl. ¶ 4, Ex. A; *see also* Ex. B [California Secretary of State webpage identifying AHSC as a Nevada corporation].)

The Supreme Court has held that "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 92–93 (2010). "Lower federal courts have often metaphorically called that place the corporation's 'nerve center,'" which "will typically be found at a corporation's headquarters." *Id.* at 80–81 (citations omitted). The Supreme Court further clarified that "in practice [the nerve center] should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.* at 93.

Here, AHSC consistently identifies 505 N. Brand Blvd., Suite 1110, Glendale, California 91203 as its principal place of business across multiple sources. AHSC lists this address as its principal address in its Statement of Information filed with the California Secretary of State (Tiraturyan Decl. ¶ 6, Ex. C), as the address for its

3

officers in Nevada Secretary of State filings (*id.* ¶ 7, Ex. D), and as its main corporate address on its website (*id.* ¶ 8, Ex. E). Furthermore, AHSC designated this same California address for all notices and demands in the Master Services Agreement for Hospital-Based Radiology (the "Agreement") at issue in this litigation. (Agreement, § 11.04, ECF No. 1-1.) This consistent identification across corporate filings, public representations, and in the Agreement confirms that AHSC directs, controls, and coordinates its activities from California, thus establishing its California citizenship, in addition to its Nevada citizenship, for diversity purposes.

### 2. Vista

Although NLMM contends that Vista is AHSC's alter ego (*see* Compl. ¶ 3, 5–7), such that the Court may pierce the corporate veil for purposes of establishing jurisdiction (*see Certified Bldg. Prods., Inc. v. N.L.R.B.*, 528 F.2d 968, 969 (9th Cir. 1976); *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586 (9th Cir.), *supplemented*, 95 F.3d 1156 (9th Cir. 1996)), NLMM addresses Vista's citizenship separately to ensure the Court has a complete record for its jurisdictional analysis.

Vista is an Illinois limited liability company and therefore takes the citizenship of each of its members. *See Johnson*, 437 F.3d at 899. Based on publicly available information from the Illinois Secretary of State, Vista's managers are Messrs. Faisal Gill, Jonathan Burket, and Mike Sarian. (Tiraturyan Decl. ¶ 11, Ex. F.) Public records searches indicate that each of these individuals maintains residences in California. (*Id.* ¶ 12.) However, managers of a limited liability company are not necessarily its members, and ***the citizenship inquiry focuses solely on members, not managers***.

Critically, during the parties' Rule 26(f) conference on June 30, 2025, Defendants' counsel neither objected to this Court's jurisdiction nor identified any Vista member who would destroy diversity. (Tiraturyan Decl. ¶¶ 13–14.) In fact, when discussing the issue of subject matter jurisdiction, Defendants' counsel represented that she agreed that subject matter jurisdiction existed for this action. (*Id.* ¶¶ 14–15.) This representation is particularly significant given that Defendants have

4

exclusive access to Vista's complete membership records. AHSC also attested in the parties' Joint Rule 26(f) Report that "[n]one of Defendant Vista's members are citizens of Wyoming or Florida." (Joint Rule 26(f) Report at 6:4–5, ECF No. 35.) Nonetheless, NLMM's and its counsel's independent investigation also corroborates Defendants' representations, as comprehensive public records searches have identified no Vista members with ties to Wyoming, Florida, or Tennessee. (*See* Tiraturyan Decl. ¶¶ 13–16, 17, 25.)

On July 9, 2025, NLMM's counsel emailed Defendants' counsel requesting confirmation that none of Vista's members are citizens of Florida, Wyoming, or Tennessee. (*Id.* ¶¶ 17, Ex. H at 6.) That same day, counsel for Defendants, Mr. Faisal Gill, responded stating that he is "a resident of Florida." (*Id.* ¶ 18, Ex. H at 5.) In light of this surprising representation—which directly contradicted the Joint Rule 26(f) Report's statement that "[n]one of Defendant Vista's members are citizens of Wyoming or Florida"—NLMM's counsel inquired whether Mr. Gill (i) is a member of Vista; (ii) is *domiciled* in Florida; and (iii) would provide information supporting the factors for establishing domicile of an individual identified in *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).[3] (Tiraturyan Decl. ¶ 18, Ex. H at 4.)

In response, Mr. Gill provided an address in Miami Beach, Florida where he allegedly "recently moved," stated his children "attend elementary school in Miami," and claimed he is "***a member of the parent company***." (*Id.* ¶ 19, Ex. H at 3 (emphasis added).) When pressed for clarification about which "parent company" he referenced

---

[3] *Lew* identifies the following factors that courts consider: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes."

NORTHERN LIGHT MEDICAL MANAGEMENT, LLC'S RESPONSE TO ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

and whether he meant AHSC,[4] Mr. Gill did not respond. (*Id.* ¶ 20, Ex. H at 1–2.)
Similarly, when asked whether he owns or rents the Miami Beach property, Mr. Gill
stated he rents because he "could not have time to buy, but will be buying soon," and
claimed he "do[es] not have any intent to move back to California" and "plan[s] to
stay permanently in Florida." (*Id.*) Critically, Mr. Gill never answered whether he is
a member of Vista or what "parent company" he was referring to, nor did he provide
any of the *Lew* factors requested—including voting registration, location of personal
property, driver's license state, or tax payment information.[5] (*Id.* ¶¶ 18–21, Ex. H.)

The timing and substance of Mr. Gill's claimed Florida residency raise serious
questions about his actual domicile. *See Kanter v. Warner-Lambert Co.*, 265 F.3d
853, 857 (9th Cir. 2001) ("A person residing in a given state is not necessarily
domiciled there, and thus is not necessarily a citizen of that state."); *see also Lew*, 797
F.2d at 750 ("courts have also stated that domicile is evaluated in terms of objective
facts, and that ***statements of intent are entitled to little weight when in conflict with
facts***." (emphasis added, citations and internal quotation marks omitted)).

Here, public records searches reveal no connection between Mr. Gill and
Florida. (Tiraturyan Decl. ¶¶ 18, 24.) By contrast, Mr. Gill: (i) serves as Chief Legal
Officer of AHSC, which has its headquarters in Glendale, California; (ii) maintains
his law office in Glendale, California, in the same building as AHSC; (iii) ran for Los
Angeles City Attorney as recently as 2022; and (iv) is not licensed to practice law in

---

[4] This inquiry is particularly notable given that being a "member" (or more correctly,
a shareholder), of AHSC would *not* destroy diversity jurisdiction, as AHSC is a
corporation.

[5] Additionally, the timestamps on Mr. Gill's emails sent on July 9, 2025 reflect Pacific
Standard Time rather than Eastern Standard Time, which would be three hours ahead.
(*See* Tiraturyan Decl. ¶ 22, Ex. H at 5, 3, 1 [showing Mr. Gill's email system displayed
NLMM's counsel's emails as "On Jul 9, 2025, at 3:12 PM," "On Jul 9, 2025, at 3:49
PM," and "On Wed, Jul 9, 2025 at 4:04 PM," thus confirming his device was set to
Pacific time zone]).

NORTHERN LIGHT MEDICAL MANAGEMENT, LLC'S RESPONSE TO ORDER TO SHOW CAUSE RE:
SUBJECT MATTER JURISDICTION

Florida. (*Id.* ¶ 24.) His claim to have "recently moved" to Florida while maintaining
all professional ties to California and providing no documentary evidence of Florida
domicile suggests, at best, a temporary presence in Florida rather than the "fixed
habitation" with intent to "remain there permanently or indefinitely" required for
domicile. *Garza v. Brinderson Constructors, Inc.*, 178 F. Supp. 3d 906, 913 (N.D.
Cal. 2016) (quoting *Lew*, 797 F.2d at 749–50).

Moreover, even accepting Mr. Gill's representations at face value, he has not
established that he is a member of Vista as opposed to merely a shareholder of AHSC
(which would not affect diversity). His evasive reference to being "a member of the
parent company" without clarification, despite direct questioning, leaves this critical
fact unresolved. Notably, Defendants did not identify that Vista has any parent
company in its Joint Report. (*See* Joint Rule 26(f) Report at 7:23–28, ECF No. 35.)
Nonetheless, a member of Vista's parent company is *not* a member of Vista; thus, Mr.
Gill's purported residence in Florida does not defeat diversity jurisdiction.

Significantly, apart from Mr. Gill's ambiguous response, Defendants have not
identified any Vista member who is a citizen of Florida or Tennessee—despite having
every incentive to identify any member whose citizenship would defeat jurisdiction.
(*See* Tiraturyan Decl. ¶ 25, Ex. H.) This silence constitutes a tacit admission that no
other Vista members are citizens of these states.

Based on the foregoing, Vista's known members are not citizens of Florida or
Tennessee. The only individual claiming Florida citizenship—Mr. Gill—has failed to
establish either his membership in Vista or Florida domicile. His belated assertion of
Florida residency, made only after this Court's jurisdictional inquiry and
contradicting Defendants' own representations in the Joint Rule 26(f) Report, lacks
supporting documentation for any of the *Lew* factors that establish domicile. More
fundamentally, Mr. Gill has not demonstrated he is a member of Vista at all, referring
only to membership in an unidentified "parent company." (Tiraturyan Decl. ¶ 19,

Ex. H.) Without evidence that Mr. Gill or any other Florida or Tennessee citizen holds membership in Vista, complete diversity exists between Vista and NLMM.

**C.    Should the Court Find Diversity Lacking, NLMM is Willing to Dismiss Vista as a Dispensable Party to Perfect Jurisdiction.**

In the event the Court finds that complete diversity between NLMM and Defendants is lacking, NLMM respectfully submits that Vista should be dismissed from this action pursuant to Federal Rule of Civil Procedure 21 to preserve the Court's jurisdiction. Rule 21 "provides that '[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.'" *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572 (2004) (quoting Fed. R. Civ. P. 21). Indeed, "'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered.'" *Id.* at 572–73 (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)); *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980) ("Rule 21 grants a federal district or appellate court the discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19."); *see, e.g.*, *Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1056–57 (9th Cir. 2016) ("even though Chen is a nondiverse party, Rule 21 … gives us discretion to dismiss her from the suit in order to perfect diversity jurisdiction, provided that she is not an indispensable party under Rule 19.").

In applying Rule 19, courts employ a "two-step inquiry." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1042 (9th Cir. 1983). "First, a court must determine whether an absent party should be joined as a 'necessary party' under subsection (a)." *Id.* "Second, if the court concludes that the nonparty is necessary and cannot be joined for practical or jurisdictional reasons, it must then determine under subsection (b) whether in 'equity and good conscience' the action should be dismissed because the nonparty is 'indispensable.'" *Id.*

8

Vista fails the first step of the Rule 19 analysis. A party is necessary under Rule 19(a) only if: "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

First, complete relief can be accorded between NLMM and AHSC alone. While Vista may have joined the Agreement pursuant to the executed Facility Addendum (Agreement § 1.06, ECF No. 1-1), NLMM's core claims concern AHSC's failure to pay for services rendered and pass-through costs. (*See generally* Compl., ECF No. 1) AHSC, as the "Healthcare Organization" under the Agreement, bears responsibility for payment obligations, which AHSC does not dispute. (*See* Agreement § 5.02, ECF No. 1-1.) Thus, the monetary relief NLMM seeks can be fully satisfied by AHSC without Vista's participation.

Second, Vista has claimed no independent interest that would be impaired by its dismissal. Vista has not appeared separately or asserted any defenses distinct from AHSC's. In fact, Vista has not even joined AHSC's counterclaim for fraud against NLMM. (*See* Countercl. ¶¶ 88–89, ECF No. 19 [identifying AHSC as "Defendant and Counterclaimant" and Vista as "Defendant"]; First Am. Countercl. ¶¶ 88–89, ECF No. 28 [same].) This passivity reflects Vista's lack of an independent interest in this litigation. Thus, any interests Vista might have are adequately represented by AHSC, its alleged parent and controlling entity.

Moreover, proceeding without Vista would not subject AHSC to inconsistent obligations. AHSC either owes NLMM for the radiology services and pass-through costs or it does not—this determination does not require Vista's participation. A judgment against AHSC would resolve the payment dispute completely.

Even if Vista were deemed necessary, it would not be indispensable under Rule 19(b)'s four-factor test, which considers: "(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 19(b). These factors overwhelmingly favor proceeding without Vista. No prejudice would result from Vista's absence given AHSC's ability to fully represent any purported interests Vista might have. The monetary relief sought can be obtained entirely from AHSC. A judgment against AHSC alone would adequately compensate NLMM for its losses. Finally, dismissing the entire action would deprive NLMM of its federal forum and force duplicative state court proceedings, wasting judicial resources.

For these reasons, should the Court find diversity lacking, it should find that Vista is a *dispensable* party whose dismissal under Rule 21 would preserve this Court's jurisdiction over the primary dispute between NLMM and AHSC.

## III.  CONCLUSION

For the foregoing reasons, NLMM respectfully requests that the Court find that complete diversity of citizenship exists between NLMM and Defendants; that the amount in controversy exceeds $75,000, exclusive of interest and costs, as evidenced by NLMM's claim for damages in excess of $940,358.28; and that this Court accordingly has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

In the alternative, should the Court require additional information regarding Vista's membership, NLMM respectfully requests leave to conduct limited jurisdictional discovery to confirm the identity and citizenship of all Vista members. In the further alternative, should the Court determine that diversity is lacking between

10

NLMM and Vista, NLMM respectfully requests that the Court exercise its discretion under Federal Rule of Civil Procedure 21 to dismiss Vista as a dispensable party, thereby preserving this Court's jurisdiction over NLMM's claims against AHSC, the primary defendant and contracting party.

NLMM is also prepared to file an amended complaint to address any jurisdictional concerns identified by the Court, whether to specifically allege the citizenship of all parties' members as set forth in this Response, to reflect the dismissal of Vista if ordered under Rule 21, or to otherwise cure any pleading defects necessary to establish this Court's subject matter jurisdiction.

DATED:  July 10, 2025          FROST LLP


By: _____
    CHRISTOPHER FROST
    BENJAMIN KASSIS
    DAVID TIRATURYAN
    Attorney for Plaintiff and Counter-Defendant
    NORTHERN LIGHT MEDICAL
    MANAGEMENT, LLC

NORTHERN LIGHT MEDICAL MANAGEMENT, LLC'S RESPONSE TO ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on July 10, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court via the Court's CM/ECF system, which will automatically generate and send notice of this filing to all attorneys of record who have appeared in this case and who are registered users of the Court's CM/ECF system. Parties may access this filing through the Court's electronic filing system.

DATED:  July 10, 2025         FROST LLP

By: _____
DAVID TIRATURYAN
Attorney for Plaintiff and Counter-Defendant
NORTHERN LIGHT MEDICAL
MANAGEMENT, LLC

NORTHERN LIGHT MEDICAL MANAGEMENT, LLC'S RESPONSE TO ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION