1  CHRISTOPHER FROST (SBN 200336)
   chris@frostllp.com
2  BENJAMIN KASSIS (SBN 298844)
   ben@frostllp.com
3  DAVID TIRATURYAN (SBN 350995)
   david1@frostllp.com
4  FROST LLP
   10960 Wilshire Boulevard, Suite 2100
5  Los Angeles, California 90024
   Telephone: (424) 254-0441
6  Facsimile: (424) 600-8504

7  Attorneys for Plaintiff and Counter-Defendant
   NORTHERN LIGHT MEDICAL
8  MANAGEMENT, LLC

9  Faisal Gill (SBN 263416)
   fgill@glawoffice.com
10 Aimee Gill (SBN 326758)
   agill@glawoffice.com
11 GILL LAW FIRM
   505 N. Brand Blvd., Suite 1200
12 Glendale, California 91203
   Telephone: (310) 418-6675
13 Facsimile: (202) 318-5331

14 Attorneys for Defendants and Counterclaimant
   AMERICAN HEALTHCARE SYSTEMS
15 CORP., INC. and WAUKEGAN
   ILLINOIS HOSPITAL COMPANY, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NORTHERN LIGHT MEDICAL MANAGEMENT, LLC, a Wyoming limited liability company,<br><br>        Plaintiff,<br><br>    vs.<br><br>AMERICAN HEALTHCARE SYSTEMS CORP., INC., a Nevada corporation; WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d.b.a. VISTA MEDICAL CENTER EAST, an Illinois limited liability company; DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No. 2:25-cv-03643-MCS-BFM<br><br>*Assigned to: Hon. Mark C. Scarsi*<br><br>**JOINT STIPULATION FOR REQUEST TO CONTINUE SCHEDULING CONFERENCE**<br><br>*Filed concurrently with [Proposed] Order Granting Stipulation for Request to Continue Scheduling Conference; Declaration of David Tiraturyan* |

1  AMERICAN HEALTHCARE
   SYSTEMS CORP., INC., a Nevada
2  corporation,
3              Counterclaimant,
4       vs.
5  NORTHERN LIGHT MEDICAL
   MANAGEMENT, LLC, a Wyoming
6  limited liability company,
7              Counter-Defendant.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JOINT STIPULATION

Plaintiff and Counter-Defendant Northern Light Medical Management, LLC ("Plaintiff" or "NLMM"), Defendant and Counterclaimant American Healthcare Systems Corp., Inc. ("AHS"), and Defendant Waukegan Illinois Hospital Company, LLC ("Vista," and together with AHS, "Defendants") (collectively, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows:

**WHEREAS**, on May 28, 2025, the Court set a Scheduling Conference for July 21, 2025 at 10:00 a.m. (ECF No. 21);

**WHEREAS**, the Parties filed their Joint Rule 26(f) Report on July 7, 2025 (ECF No. 35);

**WHEREAS**, the Parties exchanged initial disclosures on July 14, 2025;

**WHEREAS**, on July 15, 2025, Defendants' counsel, Mr. Faisal Gill, filed a request to appear telephonically at the Scheduling Conference (ECF No. 39);

**WHEREAS**, on July 16, 2025, the Court denied Mr. Gill's request to appear telephonically and continued the Scheduling Conference to July 28, 2025, at 10:00 a.m. (ECF No. 41);

**WHEREAS**, Defendants listed Mr. Gill as a percipient witness in their Rule 26(f) Report, in his capacity as "AHS's Chief Legal Officer";

**WHEREAS**, Defendants identified Mr. Gill as a witness who will have discoverable information relevant to this action in their Initial Disclosures, listing him as "AHS's Chief Legal Officer" with knowledge regarding "(1) the negotiation and execution of the Master Services Agreement, (2) NLMM's false statements of their ability to provide radiology services to Vista, (3) NLMM's lack of performance under the agreement, (4) Defendant's defenses to NLMM's Complaint";

**WHEREAS**, the allegations set forth in AHS's Second Amended Counterclaim concern statements allegedly made directly to Mr. Gill during a July 11, 2024 conversation between NLMM CEO Patrick Santore, Jr. and Mr. Gill in his capacity as AHS's Chief Legal Officer (*see, e.g.*, Second Am. Countercl. ¶¶ 92, 118,

1  ECF No. 38), about which Mr. Gill would be required to testify, and such testimony
2  concerns a central and contested issue in this litigation;

3      **WHEREAS**, Mr. Gill previously submitted a declaration in this action in his
4  capacity as Chief Legal Officer of AHS, not as counsel of record, providing factual
5  testimony about representations allegedly made by NLMM during contract
6  negotiations (ECF No. 34-3);

7      **WHEREAS**, NLMM contends that Mr. Gill's continued representation of
8  Defendants while serving as a necessary witness violates the "advocate-witness rule"
9  under California Rules of Professional Conduct, Rule 3.7(a);

10      **WHEREAS**, on July 16, 2025, NLMM's counsel sent correspondence to Mr.
11  Gill explaining the advocate-witness conflict and requesting confirmation of his
12  intention to withdraw as counsel for Defendants by end of day July 18, 2025, and
13  further advising that failure to confirm such withdrawal would result in NLMM filing
14  a motion to disqualify Mr. Gill and the Gill Law Firm;

15      **WHEREAS**, NLMM did not receive a response from Mr. Gill or his clients by
16  the July 18, 2025 deadline, and thereafter reached out to opposing counsel to meet
17  and confer regarding this issue;

18      **WHEREAS**, on July 22, 2025, counsel for the Parties met and conferred
19  regarding the advocate-witness issue, during which Defendants' counsel disagreed
20  with NLMM's position on the merits but nevertheless agreed to withdraw from
21  representation;

22      **WHEREAS**, the Parties wish to provide the Court with advance notice of this
23  issue and the agreed-upon withdrawal rather than raising it for the first time at the
24  Scheduling Conference;

25      **WHEREAS**, the Parties believe that good cause and compelling circumstances
26  exist for a continuance of the Scheduling Conference to facilitate a meaningful
27  proceeding in which Defendants' new counsel can participate substantively in setting
28  case deadlines. Specifically: (1) the advocate-witness conflict was identified after

NLMM's review of Defendants' Initial Disclosures made on July 14, 2025, creating an ethical issue that must be resolved; (2) proceeding without substitute counsel would be inefficient and potentially prejudicial as any deadlines set may require modification once new counsel appears; (3) the withdrawal of counsel is not a delay tactic but rather a necessary step to resolve an alleged ethical conflict that goes to the heart of the litigation; (4) this request is being made five days before the Scheduling Conference to provide the Court with advance notice rather than raising this issue for the first time at the hearing; and (5) this is the Parties' first request for a continuance[1] of a scheduled date before this Court;

**WHEREAS**, Defendants have represented that they require time to retain new counsel and for prospective counsel to conduct appropriate conflicts checks; and

**WHEREAS**, if the Court does not grant a continuance of the Scheduling Conference, Defendants' current counsel will appear at the July 28, 2025 Scheduling Conference and will withdraw from representation thereafter.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** as follows:

1. Faisal Gill and the Gill Law Firm shall withdraw as counsel of record for Defendants AHS and Vista in this action;

2. Such withdrawal shall be effectuated by Defendants' execution and filing of a Substitution of Attorney following the July 28, 2025 Scheduling Conference, or if the Court grants a continuance, within three (3) days after substitute counsel files a notice of appearance, or such other date as ordered by the Court;

---

[1] NLMM previously made a unilateral request to continue the hearing on its Application for Writ of Attachment before Magistrate Judge Brianna Fuller Mircheff. This request was made prior to Defendants' appearance in this case due to issues with service of the Writ of Attachment documents on AHS. (ECF No. 15.) Although that request was initially granted (ECF No. 16), Magistrate Judge Fuller Mircheff subsequently took the hearing off calendar (ECF No. 31).

3. The Parties jointly request that the Court continue the Scheduling Conference currently set for July 28, 2025, to allow Defendants sufficient time to retain substitute counsel;

4. If the Court grants the requested continuance, Defendants shall retain substitute counsel and file a notice of appearance no later than seven (7) calendar days prior to the continued Scheduling Conference date;

5. If the Court denies the requested continuance, Defendants' current counsel shall appear at the July 28, 2025 Scheduling Conference and shall effectuate their withdrawal as set forth in paragraph 2 above;

6. The Parties further agree to meet and confer regarding revised case management deadlines once substitute counsel has appeared; and

7. This Stipulation is entered into solely to avoid the time and expense of motion practice regarding the disqualification issue and shall not be construed as an admission by any Party regarding the merits of the advocate-witness issue or any other matter in this litigation.

8. The Parties represent that they have reviewed the Court's standing order regarding continuances and believe that the circumstances presented herein constitute good cause for the requested relief.

**IT IS SO STIPULATED.**

[SIGNATURES ON FOLLOWING PAGE]

| | |
|---|---|
| DATED:  July 23, 2025 | FROST LLP |

By: _____
CHRISTOPHER FROST
BENJAMIN KASSIS
DAVID TIRATURYAN
Attorneys for Plaintiff and Counter-Defendant
NORTHERN LIGHT MEDICAL MANAGEMENT, LLC

| | |
|---|---|
| DATED:  July 23, 2025 | GILL LAW FIRM |

By:      */s/ Faisal Gill*
FAISAL GILL
AIMEE GILL
Attorneys for Defendants and Counterclaimant
AMERICAN HEALTHCARE SYSTEMS CORP., INC. and WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC

## ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the undersigned filer hereby certifies that all signatories listed above have concurred in the filing of this document.

DATED: July 23, 2025     FROST LLP

By: _____
DAVID TIRATURYAN
Attorney for Plaintiff and Counter-Defendant
NORTHERN LIGHT MEDICAL MANAGEMENT, LLC