CHRISTOPHER FROST (SBN 200336)
chris@frostllp.com
BENJAMIN KASSIS (SBN 298844)
ben@frostllp.com
DAVID TIRATURYAN (SBN 350995)
david1@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Plaintiff and Counter-Defendant
NORTHERN LIGHT MEDICAL MANAGEMENT, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NORTHERN LIGHT MEDICAL MANAGEMENT, LLC, a Wyoming limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN HEALTHCARE SYSTEMS CORP., INC., a Nevada corporation; WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d.b.a. VISTA MEDICAL CENTER EAST, an Illinois limited liability company; DOES 1 through 50, inclusive,<br><br>Defendants.<br><br>AMERICAN HEALTHCARE SYSTEMS CORP., INC., a Nevada corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>NORTHERN LIGHT MEDICAL MANAGEMENT, LLC, a Wyoming limited liability company,<br><br>Counter-Defendant. | Case No. 2:25-cv-03643-MCS-BFM<br><br>*Assigned to: Hon. Mark C. Scarsi*<br><br>**DECLARATION OF DAVID TIRATURYAN IN SUPPORT OF JOINT STIPULATION FOR REQUEST TO CONTINUE SCHEDULING CONFERENCE**<br><br>*Filed concurrently with Joint Stipulation for Request to Continue Scheduling Conference; [Proposed] Order Granting Stipulation for Request to Continue Scheduling Conference* |

59466.1

# DECLARATION OF DAVID TIRATURYAN

I, David Tiraturyan, declare as follows:

1. I am an attorney licensed to practice before this Court, and am an associate with the law firm of FROST LLP, attorneys of record herein for Plaintiff and Counter-Defendant Northern Light Medical Management, LLC ("NLMM"). I have personal knowledge of the facts stated herein and, if called upon to testify as a witness, I could and would competently testify thereto. I make this Declaration in support of Joint Stipulation for Request to Continue Scheduling Conference, filed concurrently herewith.

2. On July 7, 2025, the parties filed their Joint Rule 26(f) Report, in which Defendants listed Mr. Faisal Gill as a percipient witness in his capacity as "AHS's Chief Legal Officer."

3. On July 14, 2025, the parties exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

4. Upon review of Defendants' Initial Disclosures, I confirmed that Defendants had again identified their counsel of record, Mr. Faisal Gill, as a witness with discoverable information regarding key issues in this litigation, including "(1) the negotiation and execution of the Master Services Agreement, (2) NLMM's false statements of their ability to provide radiology services to Vista, (3) NLMM's lack of performance under the agreement, (4) Defendant's defenses to NLMM's Complaint." A true and correct copy of Defendants' Initial Disclosures are attached hereto as **Exhibit A**.

5. On July 16, 2025, I sent correspondence to Mr. Gill on behalf of NLMM, explaining the advocate-witness conflict under California Rules of Professional Conduct, Rule 3.7(a), and requesting confirmation of Mr. Gill's and his law firm's intention to withdraw as counsel by July 18, 2025. A true and correct copy of this correspondence is attached hereto as **Exhibit B**.

6. I did not receive a response from Mr. Gill by July 18, 2025. That same day, I sent an email to Defendants' counsel requesting to meet and confer regarding this issue on Monday, July 21, 2025.

7. After receiving no response, I emailed Defendants' counsel again on July 21, 2025, seeking to meet and confer on the advocate-witness issue.

8. On July 21, 2025, Aimee Gill responded to my email, apologizing for the delay and explaining that she had been attending a family wedding. She indicated that she was currently traveling and asked if we could speak the following day.

9. On July 22, 2025, I met and conferred with Ms. Gill regarding the advocate-witness issue. During this conference, Ms. Gill disagreed with NLMM's position on the merits of the disqualification issue but agreed that Mr. Gill and the Gill Law Firm would withdraw from representation to avoid the time and expense of motion practice.

10. Counsel agreed that a continuance of the Scheduling Conference may be appropriate to allow Defendants time to retain new counsel who can meaningfully participate in setting case deadlines. Specifically, Ms. Gill informed me that Defendants would need time to find replacement counsel, particularly in light of the need for prospective counsel to conduct conflict checks before undertaking the representation.

11. During the meet and confer, counsel also agreed that it would be prudent to notify the Court of this issue in advance of the Scheduling Conference, rather than raising it for the first time during the conference itself. Counsel believed that providing the Court with advance notice would allow for more efficient case management and avoid any potential disruption to the Court's calendar, which is why the parties are filing the Joint Stipulation.

12. In the event the Court does not continue the Scheduling Conference, counsel have agreed that Mr. Gill will appear on Defendants' behalf on July 28, 2025, and will effectuate his withdrawal immediately thereafter.

13. Notwithstanding NLMM's unilateral request for a continuance of the hearing on its Application for Writ of Attachment before Magistrate Judge Brianna Fuller Mircheff (ECF No. 15)—which was made prior to Defendants' appearance in this case due to issues with service—this is the parties' first request for a continuance of a scheduled date before this Court in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 23rd day of July, 2025, at Los Angeles, California.

_____
David Tiraturyan