# EXHIBIT A

Faisal Gill (SBN 263416)
fgill@glawoffice.com
Aimee Gill (SBN 326758)
agill@glawoffice.com
GILL LAW FIRM
505 N. Brand Blvd., Suite 1200
Glendale, California 91203
Telephone: (310) 418-6675
Facsimile: (202) 318-5331

Attorneys for Defendants and Counterclaimant
AMERICAN HEALTHCARE SYSTEMS CORP.,
INC. and WAUKEGAN ILLINOIS HOSPITAL
COMPANY, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NORTHERN LIGHT MEDICAL MANAGEMENT, LLC, a Wyoming limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN HEALTHCARE SYSTEMS CORP., INC., a Nevada corporation; WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d.b.a. VISTA MEDICAL CENTER EAST, an Illinois limited liability company; DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:25-cv-03643-MCS-BFM<br><br>*Assigned to: Hon. Mark C. Scarsi*<br><br>**DEFENDANTS' RULE 26(A)(1) INITIAL DISCLOSURES**<br><br><u>Scheduling Conference:</u><br>Date:    July 21, 2025<br>Time:    10:00 a.m.<br>Crtrm.:   7C, 7th Floor<br>          First Street Courthouse<br>          350 West 1st Street<br>          Los Angeles, California 90012 |

Pursuant to Fed. R. Civ. P. Rule 26(a)(l), Defendants/Counterclaimants American Healthcare Systems Corp, Inc. and Waukegan Illinois Hospital Company, LLC, hereby make their initial disclosures. Defendants reserve the right to amend, revise or supplement these disclosures in supplemental disclosures served under Fed. R. Civ. P. Rules 26(a)(1) or 26(e)(1), in written discovery responses, in deposition testimony, or by any other means as the case progresses.

1. The following individuals are likely to have discoverable information in this matter:

1

DEFENDANTS' RULE 26(A)(1) INITIAL DISCLOSURES

a. Mike Sarian – AHS's Chief Executive Officer

Mr. Sarian may have information on the following subjects: (1) the negotiation and execution of the Master Services Agreement, (2) NLMM's false statements of their ability to provide radiology services to Vista, (3) NLMM's lack of performance under the agreement, (4) Defendant's defenses to NLMM's Complaint.

Can be reached through counsel for Defendants.

b. Faisal Gill – AHS's Chief Legal Officer

Can be reached through counsel for Defendants.

Mr. Gill may have information on the following subjects: (1) the negotiation and execution of the Master Services Agreement, (2) NLMM's false statements of their ability to provide radiology services to Vista, (3) NLMM's lack of performance under the agreement, (4) Defendant's defenses to NLMM's Complaint.

c. David Rosen – Former Senior VP/Medical Director of Vista

Can be reached through counsel for Defendants.

Mr. Rosen may have information on the following subjects: (1) the negotiation and execution of the Master Services Agreement, (2) NLMM's false statements of their ability to provide radiology services to Vista, (3) NLMM's lack of performance under the agreement, (4) Defendant's defenses to NLMM's Complaint.

d. Patrick Santore, Jr. – NLMM's Chief Executive Officer

Can be reached through counsel for Plaintiff.

Mr. Santore, Jr. may have information on the following subjects: (1) the negotiation and execution of the Master Services Agreement, (2) NLMM's false

statements of their ability to provide radiology services to Vista, (3) NLMM's lack of performance under the agreement.

e.  Michael Tartovsky – PACS Coordinator of Vista

Can be reached through counsel for Defendants.

Mr. Tartovsky may have information on the following subjects: NLMM's lack of performance under the agreement.

f.  Anthony Sunzeri – Chief Financial Officer of Vista

Can be reached through counsel for Defendants.

Mr. Sunzeri may have information on the following subjects: NLMM's lack of performance under the agreement.

g.  Michele Newby  - Oncology Nurse Navigator at Vista

Can be reached through counsel for Defendants.

Ms. Newby may have information on the following subjects: NLMM's lack of performance under the agreement.

h.  Emilie Hoga – former Head of Radiology Department of Vista

Can be reached through counsel for Defendants.

Ms. Hoga may have information on the following subjects: NLMM's lack of performance under the agreement.

i.  Representatives of NLMM

Can be reached through counsel for Plaintiff.

Representatives of NLMM may have discoverable information regarding (1) NLMM's inability to provide radiology services to Vista, (2) NLMM's lack of performance under the Agreement.

j.  Additional Individuals Who May Have Discoverable Information

Defendants reserve the right to call as witnesses any of the following additional individuals who may have discoverable information relevant to this litigation:

- Any individuals identified in NLMM's disclosures herein and/or in Defendants' or other parties' initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1);

- Any individual whose name appears or is referenced in documents produced or discovered during this litigation who may possess relevant information concerning the claims or defenses in this action;

- Any individual that may be revealed in discovery or subsequent investigation with knowledge of the claims and defenses in this lawsuit, and any relevant information they may possess;

- Any individual or representative identified by the Parties or third parties in responses to written discovery or during depositions;

- Any individual necessary to provide rebuttal, impeachment or refuting testimony during discovery or at trial, or necessary to lay the foundation for the admissibility of any document, tangible thing, or other evidence, and any relevant information they may possess; and

- Any witness named by either Party as a retained expert witness in this case. Defendants will disclose the expert witnesses it intends to call at trial once ascertained during the course of discovery, and may further retain and disclose expert witnesses necessary to rebut testimony from any of Plaintiff's expert witnesses, once they are disclosed.

Defendants reserve the right to supplement the foregoing list, including by calling additional or different witnesses for deposition or at trial. The general subject matter of information listed for each individual herein does not limit Defendants' right to question and/or call any individual listed to testify regarding any other subject(s). At this time, Defendants have not retained any testifying experts, but reserves the right to do so. Defendants will produce information relating to expert witnesses as may be

4

appropriate under Federal Rule of Civil Procedure 26(a)(2) or by further order of the Court.

2. Documents, Electronically Stored Information, and Tangible Things

Defendants' documents include:

- The Master Services Agreement for Hospital-Based Radiology and related Facility Addenda;

- Invoices issued to Defendants, including Invoice Nos. 000171, 000202, 000242, 000213, 000265, 000291, 000292, 000294, and 000319;

- Correspondence and email communications between NLMM and Defendants regarding contractual performance, invoicing, payments, and technology integration;

- Documentation of NLMM's failure to perform under the Agreement

The foregoing list of documents is not intended to be exhaustive and is based upon Defendants' reasonable investigation to date. Defendants reserve the right to supplement these disclosures as additional documents are located or become available. Defendants further reserve the right to use any documents identified in Plaintiff's initial disclosures or produced by Plaintiff or third parties during discovery. Nothing in these disclosures shall be construed as an admission that any particular document is relevant, material, or admissible, or that Defendants possess, has possessed, or should possess any particular document. Defendants reserve all objections to the discoverability and admissibility of documents, including but not limited to objections based on relevance, privilege, work product protection, proportionality, and burden. Documents containing

privileged, confidential, proprietary, or trade secret information will be produced only subject to appropriate protective measures.

3. Damages

Defendants seek the following damages:

- Defendants' payment of $75,000 to NLMM
- Consequential damages including operational disruptions, administrative burdens caused by Plaintiff's fraudulent statements to Defendants to induce them into an agreement with Plaintiff, costs of resolving incomplete work from Plaintiff
- Attorneys' fees and costs as permitted by applicable law, and
- Such other damages as may be proven at trial.

Defendants reserve the right to amend and supplement these damages disclosures as additional information becomes available through discovery, accounting processes, expert analysis, or otherwise. The damages calculations set forth above are preliminary and based on currently available information. Defendants' investigation and analysis of damages is ongoing, and the final computation of damages may differ from the estimates provided herein. Defendants reserve the right to seek additional categories of damages not specifically enumerated above, including but not limited to punitive damages, statutory damages, restitution, disgorgement, and any other relief available under applicable law or equity. Defendants further reserve the right to present alternative theories of damages and to modify its damages calculation based on evidence obtained through discovery, expert testimony, or further investigation. Nothing herein shall be construed as a

limitation on Defendants' right to prove the full extent of its damages at trial or to seek damages in amounts greater than those disclosed herein.

4. Insurance

Defendants are unaware of any insurance agreements applicable to the claims or issues involved in this litigation.

                                                Respectfully Submitted,

                                                /S/ Faisal Gill
Faisal Gill
Gill Law Firm
1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067
310-418-6675
310-388-0564(fax)
fgill@glawoffice.com

DEFENDANTS' RULE 26(A)(1) INITIAL DISCLOSURES

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I served a copy of the foregoing Initial Disclosures on Plaintiff Northern Lights Medical Management, LLC, by delivering said document to the following attorney of record vial first class mail and electronic mail on July 14, 2025:

CHRISTOPHER FROST (SBN 200336)
chris@frostllp.com
BENJAMIN KASSIS (SBN 298844)
ben@frostllp.com
DAVID TIRATURYAN (SBN 350995)
david1@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Dated: July 14, 2025        ___/s/ Faisal Gill_____
                                           Faisal Gill

DEFENDANTS' RULE 26(A)(1) INITIAL DISCLOSURES