# EXHIBIT B



July 16, 2025

**VIA EMAIL**

Faisal Gill
fgill@glawoffice.com
Gill Law Firm
505 N. Brand Blvd., Suite 1200
Glendale, California 91203

      Re:      **Withdrawal Due to Advocate-Witness Conflict Under California Rule Professional Conduct 3.7(a)** | *Northern Light Medical Management, LLC v. American Healthcare Systems Corp., Inc., et al.*, Case No. 2:25-cv-03643-MCS-BFM

Mr. Gill:

I am writing to bring to your attention a significant ethical conflict that requires your immediate withdrawal as counsel for American Healthcare Systems Corp., Inc. ("AHS") and Waukegan Illinois Hospital Company, LLC ("Vista") in the above-referenced matter.

Given that you are to be a necessary witness at trial, your continued representation of AHS and Vista in this matter constitutes a violation of the advocate-witness rule under California Rule of Professional Conduct 3.7(a). *See Kennedy v. Eldridge*, 201 Cal. App. 4th 1197, 1208 (2011) ("The 'advocate-witness rule,' which prohibits an attorney from acting both as an advocate and a witness in the same proceeding, has long been a tenet of ethics in the American legal system…").

Specifically, the grounds for your disqualification include, but are not limited to, the following:

    1.    You submitted a declaration in this action in your capacity as Chief Legal Officer of AHS, not as counsel of record, providing factual testimony about representations allegedly made by Northern Light Medical Management, LLC ("NLMM") during contract negotiations. (Declaration of Faisal Gill ISO Opp.'n to NLMM's Appl. for Writ. of Attachment, ECF No. 34-3.)

FAISAL GILL
JULY 16, 2025
PAGE 2

    2.    AHS's counterclaim for fraudulent inducement specifically alleges that false statements were made directly to *you* during a July 11, 2024 conversation between NLMM CEO, Patrick Santore, Jr., and you in your capacity as AHS's Chief Legal Officer. (*See, e.g.*, Second Am. Countercl. ¶¶ 92, 118.) Your firsthand knowledge of these alleged misrepresentations makes your testimony central to resolving the fraudulent inducement claim.

    3.    Your clients have identified you as a percipient witness in the parties' Rule 26(f) Joint Report, listing you as "AHS's Chief Legal Officer" (ECF No. 35 at 8:16), and designated you in their initial disclosures as an individual "likely to have discoverable information in this matter," specifically regarding "(1) the negotiation and execution of the Master Services Agreement, (2) NLMM's false statements of their ability to provide radiology services to Vista, (3) NLMM's lack of performance under the agreement, (4) Defendant's defenses to NLMM's Complaint."

As such, your testimony relates to contested matters that are central to this case and does not fall within any exceptions. Additionally, even if you were to obtain client consent under Rule 3.7(a)(3), the court retains discretion to disqualify counsel to protect the trier of fact from being misled or the opposing party from being prejudiced. *See Doe v. Yim*, 55 Cal. App. 5th 573, 620–23 (2020); *U.S. Equal Emp. Opportunity Comm'n v. Bay Club Fairbanks Ranch, LLC*, 437 F. Supp. 3d 802, 804 (S.D. Cal. 2019) ("Although [Rule 3.7(a)(3)] allows continued representation where the client consents to the attorney's dual role, a trial court has discretion to disqualify counsel.") (citing *Lyle v. Superior Ct.*, 122 Cal. App. 3d 470, 482 (1981)); Cal. R. Pro. Cond. 3.7(a)(3) cmt. 3 ("Notwithstanding a client's informed written consent, courts retain discretion to take action, up to and including disqualification of a lawyer who seeks to both testify and serve as an advocate, to protect the trier of fact from being misled or the opposing party from being prejudiced.").

Notably, this is not the first time your advocate-witness conflict has been raised. In an unrelated matter entitled *Modern HR, Inc. v. Michael Sarian, et al.*, Los Angeles Superior Court Case No. 23STCV14308, Modern HR, Inc. filed a motion to disqualify you as counsel on substantially similar grounds—specifically, that you were a necessary witness because you had made representations to induce the plaintiff's continued performance and had authored emails directly related to the plaintiff's allegations that defendants assumed certain debts. You did not oppose that motion, and the trial court issued a tentative ruling granting the disqualification, finding that your "testimony is, in fact, genuinely needed" and that "[m]oreover, in the absence of an opposition, there is no evidence that Defendant consented to Attorney Gill's continued representation in this dual capacity." Judge Iwasaki ultimately found the motion moot only because you agreed to file a substitution of attorney. The factual and legal basis for disqualification in that case is virtually identical to the circumstances here.

Additionally, there is a basis to disqualify your entire law firm, including Ms. Aimee Gill, as counsel given that she is your wife and that as recently as 2023, she held the position of "Senior Vice President and Chief Legal Officer" at AHS.

FAISAL GILL
JULY 16, 2025
PAGE 3

To avoid the time and expense of motion practice, we respectfully request that you voluntarily withdraw as counsel for AHS and Vista, and confirm your intent to withdraw in writing by end of day July 18, 2025. If we do not receive confirmation of your intent to withdraw by that date, we will proceed to file our motion to disqualify you and the Gill Law Firm as counsel in this matter.

This letter is not intended to serve as a full or complete recitation of all relevant facts or applicable law regarding the issues raised herein, and nothing within this letter is intended as, nor should it be construed as, a waiver or relinquishment of any of our client's rights, remedies, or claims, whether legal or equitable, all of which are expressly reserved. Our client reserves the right to seek sanctions, costs, and fees in connection with any motion practice necessitated by your failure to voluntarily withdraw, as well as any other relief deemed appropriate by the Court.

Regards,

DAVID TIRATURYAN
FROST LLP

cc:   C. FROST (VIA EMAIL)
      B. KASSIS (VIA EMAIL)
      A. GILL (VIA EMAIL)