CHRISTOPHER FROST (SBN 200336)
chris@frostllp.com
BENJAMIN KASSIS (SBN 298844)
ben@frostllp.com
DAVID TIRATURYAN (SBN 350995)
david1@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Plaintiff and Counter-Defendant
NORTHERN LIGHT MEDICAL MANAGEMENT, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NORTHERN LIGHT MEDICAL MANAGEMENT, LLC, a Wyoming limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN HEALTHCARE SYSTEMS CORP., INC., a Nevada corporation; WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d.b.a. VISTA MEDICAL CENTER EAST, an Illinois limited liability company; DOES 1 through 50, inclusive,<br><br>Defendants.<br><br>AMERICAN HEALTHCARE SYSTEMS CORP., INC., a Nevada corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>NORTHERN LIGHT MEDICAL MANAGEMENT, LLC, a Wyoming limited liability company,<br><br>Counter-Defendant. | Case No. 2:25-cv-03643-MCS-BFM<br><br>*Assigned to: Hon. Mark C. Scarsi*<br><br>**DECLARATION OF DAVID TIRATURYAN RE: PRE-FILING CONFERENCE PURSUANT TO LOCAL RULE 7-3**<br><br>*Filed concurrently with Motion to Dismiss Second Amended Counterclaim and [Proposed] Order*<br><br><u>Hearing Information:</u><br>Date:     September 8, 2025<br>Time:    9:00 a.m.<br>Crtrm.:  7C (7th Floor)<br>             First Street Courthouse<br>             350 West 1st Street<br>             Los Angeles, California 90012<br><br>Action Filed:  April 24, 2025<br>Trial Date:     Not Set |

59749.1

# DECLARATION OF DAVID TIRATURYAN

I, David Tiraturyan, declare as follows:

1. I am an attorney licensed to practice before this Court, and am an associate with the law firm of FROST LLP, attorneys of record herein for Plaintiff and Counter-Defendant Northern Light Medical Management, LLC ("NLMM"). I have personal knowledge of the facts stated herein and, if called upon to testify as a witness, I could and would competently testify thereto. I make this Declaration in support of NLMM's Motion to Dismiss Second Amended Counterclaim, filed concurrently herewith.

2. Following American Healthcare Systems Corp., Inc.'s ("AHS") filing of its initial Counterclaim on May 27, 2025 (ECF No. 19), I emailed Defendants' counsel and requested to meet and confer regarding NLMM's anticipated Motion to Dismiss.

3. On June 10, 2025, I met and conferred via Microsoft Teams with Defendants' counsel, Mr. Faisal Gill, regarding NLMM's Motion to Dismiss, wherein I explained how the allegations in the Counterclaim did not meet the heightened pleading standard under Federal Rule of Civil Procedure 9(b). I also explained to Mr. Gill our position that the fraud claim was barred by the economic loss rule. Following that conference, Mr. Gill agreed to amend the Counterclaim to plead additional allegations to satisfy Rule 9(b) and to make clear that AHS's claim was for fraudulent inducement. However, Mr. Gill stated that he disagreed that the economic loss rule barred his client's claim.

4. On June 17, 2025, AHS filed its First Amended Counterclaim (ECF No. 28).

5. On June 20, 2025, I again emailed Defendants' counsel requesting to meet and confer in light of deficiencies I identified in the First Amended Counterclaim.

6. On June 24, 2025, I met and conferred with Ms. Aimee Gill via Microsoft Teams, during which I again explained that the allegations in the amended

counterclaim were deficient under Rule 9(b) and still, independently barred by the economic loss rule. Following that conference, Ms. Gill and I agreed that NLMM would stipulate to AHS filing a second amended counterclaim wherein the deficiencies I identified would be addressed, pending the Court's entry of the joint stipulation.

7. On June 26, 2025, my office filed the Joint Stipulation for Leave to Allow American Healthcare Systems Corp., Inc. to File Second Amended Counterclaim (ECF No. 30), along with a Proposed Order (ECF No. 30-1).

8. On June 30, 2025, the Court entered the Order allowing AHS to file its Second Amended Counterclaim, but with certain modifications. Specifically, the Court reduced NLMM's deadline to respond from thirty days to fourteen days, and required AHS to "attach a 'redline' version as an appendix as required by Initial Standing Order § 13." (ECF No. 32 ¶¶ 3–4.) The Court also required that AHS file its Second Amended Counterclaim within two days of the entry of the Court's order (*id.* ¶ 3), which would have been July 2, 2025.

9. As of July 14, 2025, AHS still had not filed its Second Amended Counterclaim. Thus, that same day, I emailed Defendants' counsel and provided notice that they had not done so and informed them that if they did not file by end of day, NLMM would move to dismiss the counterclaim under Federal Rule of Civil Procedure 41(b).

10. Thus, on July 14, 2025, AHS filed its Second Amended Counterclaim (ECF No. 38). Notably, AHS did not attach the "redline" version of its pleading, as the Court had instructed.

11. On July 18, 2025, I emailed Defendants' counsel again requesting to meet and confer regarding NLMM's motion to dismiss, as well as a potential Motion to Disqualify Mr. Gill and the Gill Law Firm as counsel in light of a violation of the "advocate-witness rule" under California Rule of Professional Conduct 3.7(a). However, I did not receive a response.

12. On July 21, 2025, I sent another email following up to Defendants' counsel. Shortly after this follow-up email, Ms. Gill responded stating that she and (presumably Mr. Gill) had been traveling for a wedding and could speak the following day.

13. On July 22, 2025, I met and conferred with Ms. Gill via Microsoft Teams regarding the NLMM's Motion to Dismiss as to the Second Amended Counterclaim, as well as the disqualification issue.

14. After agreeing to withdraw as counsel pending Defendants' retention of new counsel, Ms. Gill and I discussed the substance of NLMM's Motion to Dismiss. Specifically, I informed Ms. Gill of NLMM's position that: (i) the alleged misrepresentations do not rise to the level of actionable fraud; (ii) the alleged representations constitute puffery; (iii) the Second Amended Counterclaim pleads allegations of deficient performance masquerading as fraud; (iv) the fraud claim still fails to satisfy Rule 9(b); (v) the fraud allegations do not satisfy all elements necessary to plead fraud, including justifiable reliance; and (vi) the fraud claim, although alleging fraudulent inducement, is in fact a promissory fraud claim, which is not exempted from the scope of the economic loss rule.

15. Ms. Gill stated, and I agreed, that at that point, the parties had exhausted their attempts to resolve these issues informally and that the deficiencies I identified would have to be resolved through motion practice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 28th day of July, 2025, at Los Angeles, California.

_____
David Tiraturyan