CHRISTOPHER FROST (SBN 200336)
chris@frostllp.com
BENJAMIN KASSIS (SBN 298844)
ben@frostllp.com
DAVID TIRATURYAN (SBN 350995)
david1@frostllp.com
RACHEL DUBOFF (SBN 343844)
rduboff@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Plaintiff and Counter-Defendant
NORTHERN LIGHT MEDICAL
MANAGEMENT, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NORTHERN LIGHT MEDICAL MANAGEMENT, LLC, a Wyoming limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HEALTHCARE SYSTEMS CORP., INC., a Nevada corporation; WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d.b.a. VISTA MEDICAL CENTER EAST, an Illinois limited liability company; DOES 1 through 50, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 2:25-cv-03643-MCS-(BFMx)<br><br>*Assigned to: Hon. Mark C. Scarsi*<br><br>**DECLARATION OF DAVID TIRATURYAN IN SUPPORT OF NORTHERN LIGHT MEDICAL MANAGEMENT, LLC'S MOTION TO DISMISS COUNTERCLAIM FOR BREACH OF THE IMPLIED COVENANT GOOD FAITH AND FAIR DEALING**<br><br>**[C.D. Cal. R. 7-3]**<br><br>*Filed concurrently with Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities; [Proposed] Order*<br><br>Hearing Information:<br>Date: October 20, 2025<br>Time: 9:00 a.m.<br>Crtrm.: 7C (7th Floor)<br><br>Action Filed: April 24, 2025<br>Trial Date: July 28, 2026 |

# DECLARATION OF DAVID TIRATURYAN

I, David Tiraturyan, declare as follows:

1. I am an attorney licensed to practice before this Court, and am an associate with the law firm of FROST LLP, attorneys of record herein for Plaintiff and Counter-Defendant Northern Light Medical Management, LLC ("NLMM"). I have personal knowledge of the facts stated herein and, if called upon to testify as a witness, I could and would competently testify thereto. I make this Declaration in support of NLMM's Motion to Dismiss American Healthcare Systems Corp., Inc.'s ("AHS") Counterclaim for Breach of the Implied Covenant Good Faith and Fair Dealing, filed concurrently herewith.

2. On August 15, 2025, I met and conferred with AHS's newly retained counsel—Tara Karamians and Armen Papazian—via Microsoft Teams regarding AHS's Second Amended Counterclaim. During that conference, I informed counsel that unless the allegations in the Second Amended Counterclaim were amended or unless AHS's claim alleging fraud was withdrawn, NLMM intended to proceed with filing a motion to dismiss in the same form and on the same grounds as previously asserted in NLMM's Motion to Dismiss filed on July 28, 2025 as ECF No. 45. Specifically, I informed AHS's counsel that the Court had denied the prior Motion to Dismiss on prudential grounds in light of the Gill Law Firm's pending withdrawal at the time of the prior prefiling conference. I also advised counsel to review that Motion to Dismiss, if they had not done so already, and explained specifically NLMM's grounds for bringing that Motion.

3. During this conversation, I represented to AHS's counsel that if the fraud claim was substituted for a breach of contract claim, NLMM would likely file an answer as opposed to a motion to dismiss.

4. Given that AHS's counsel had only recently been retained and was not completely familiar with the claims and issues, they requested additional time to review the pleadings. Consequently, on August 22, 2025, counsel and I agreed to file

1

DECLARATION OF DAVID TIRATURYAN IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM FOR BREACH OF THE IMPLIED COVENANT GOOD FAITH AND FAIR DEALING

a stipulation requesting the Court to grant an extension of NLMM's deadline to respond to AHS's pleading to allow counsel to familiarize themselves with the matter. (*See* ECF No. 61.) The Court entered an order granting the parties' Stipulation on August 25, 2025, extending NLMM's deadline to respond to the Second Amended Counterclaim to September 5, 2025. (ECF No. 62.)

5. On August 29, 2025, AHS's counsel informed me via email that AHS would be "amending the counter claim to substitute in a breach of contract claim for the promissory fraud claim."

6. On September 2, 2025, at approximately 12:00 p.m., I sent AHS's counsel a draft of the Joint Stipulation for AHS to amend its counterclaim. In my email, I noted that the proposed Third Amended Counterclaim must be attached as an exhibit to the Joint Stipulation, and further stated that "[w]e should get this [Joint Stipulation] on file sufficiently in advance of the Sept. 5 response deadline so the court can enter it before then." That same day, Mr. Papazian responded to my email confirming that they would email me the proposed counterclaim so it could be attached to the Joint Stipulation.

7. Having not heard from AHS's counsel in the interim, and in light of NLMM's impending September 5 response deadline, I emailed AHS's counsel on September 4, 2025, at approximately 12:55 p.m., requesting an update on the proposed Third Amended Counterclaim. At approximately 1:28 p.m., AHS's counsel provided me with the proposed Third Amended Counterclaim.

8. A true and correct copy of the foregoing email exchange is attached hereto as **Exhibit A**.

9. Given the timing constraints and to avoid further delay in these proceedings, I decided it was most prudent to proceed with the Joint Stipulation, despite the addition of the implied covenant claim that had not been previously discussed; particularly because the Joint Stipulation preserved NLMM's right to challenge any claims in the Third Amended Counterclaim.

2

DECLARATION OF DAVID TIRATURYAN IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM FOR BREACH OF THE IMPLIED COVENANT GOOD FAITH AND FAIR DEALING

10. Thus, on September 4, 2025, at approximately 2:00 p.m., the parties filed a Joint Stipulation requesting the Court to grant leave for AHS to file its Third Amended Counterclaim. (ECF No. 64.) Attached to this Joint Stipulation was AHS's proposed Third Amended Counterclaim, which, in addition to substituting the fraud claim for breach of contract, asserted a new claim for breach of the implied covenant of good faith and fair dealing. (*See* ECF No. 64-1.)

11. The Court subsequently entered an order granting the parties' Joint Stipulation on September 5, 2025. (ECF No. 65.)

12. On September 8, 2025, AHS filed its Third Amended Counterclaim in the same form as the proposed version attached to the parties' Joint Stipulation. (ECF No. 67.)

13. On September 10, 2025, I emailed counsel for AHS requesting to meet and confer about NLMM's intended motion to dismiss as to AHS's counterclaim for breach of implied covenant of good faith and fair dealing. In my email, I provided the grounds and supporting authority for NLMM's position on the motion to dismiss.

14. On September 15, 2025, at approximately 4:00 p.m., I telephonically met and conferred with Mr. Papazian. I explained to Mr. Papazian that NLMM was planning to move to dismiss on the substantive ground that the breach of implied covenant claim alleged the same breach as AHS's breach of contract claim, and thus was rendered superfluous and subject to dismissal. I also stated to Mr. Papazian that NLMM had not stipulated to the addition of any claim beyond the breach of contract claim.

15. Despite our efforts, Mr. Papazian and I were not able to come to any resolution that would eliminate the need for motion practice. Accordingly, I informed Mr. Papazian that NLMM would be proceeding with its motion to dismiss.

/ / /

/ / /

/ / /

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 22nd day of September, 2025, at Los Angeles, California.

_____
David Tiraturyan

# CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court via the Court's CM/ECF system, which will automatically generate and send notice of this filing to all attorneys of record who have appeared in this case and who are registered users of the Court's CM/ECF system. Parties may access this filing through the Court's electronic filing system.

DATED: September 22, 2025    FROST LLP

By: _____
DAVID TIRATURYAN
Attorneys for Plaintiff and Counter-Defendant
NORTHERN LIGHT MEDICAL MANAGEMENT, LLC