Varand Gourjian, Esq. (SBN 205344)
Email: varand@gourjianlaw.com;
Armen F. Papazian, Esq. (SBN 209989), *Of Counsel*
Emai: armen@papazianlawfirm.com
Tara Karamians, Esq. (SBN 331329)
Email: tara@gourjianlaw.com;
Alec Galustian, Esq. (SBN 360045)
Email: Alec@gourjianlaw.com
**GOURJIAN LAW GROUP, P.C.**
101 N. Brand Blvd., Suite 1220
Glendale, California 91203
Telephone: (818) 956-0100

Attorneys for Defendants: AMERICAN HEALTHCARE SYSTEMS CORP., INC. and WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| NORTHERN LIGHT MEDICAL MANAGEMENT, LLC, a Wyoming limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN HEALTHCARE SYSTEMS CORP., INC., et al.<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | CASE NO. 2:25-cv-3643<br><br>*Assigned for all purposes to Hon. Mark C. Scarsi*<br><br>**AMERICAN HEALTHCARE SYSTEMS CORP., INC'S OPPOSITION TO NORTHERN LIGHT MEDICAL MANAGEMENT, LLC'S MOTION TO DISMISS COUNTERCLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>*Filed concurrently with Declaration of Tara Karamians; [PROPOSED] ORDER*<br><br><u>Hearing Information</u>:<br>Date: October 20, 2025<br>Time: 9:00 a.m.<br>Crtrm.: 7C (7th Floor)<br><br>Action Filed: April 24, 2025<br>Trial Date: July 28, 2026 |

1

gourjianlaw

Defendant and Cross-Complainant AMERICAN HEALTHCARE SYSTEMS CORP., INC. ("AHS") respectfully submits this Opposition to Plaintiff and Cross-Defendant NORTHERN LIGHT MEDICAL MANAGEMENT, LLC's ("NLMM") Motion to Dismiss (Dkt. 78, hereinafter "MTD") AHS's Third Amended Counterclaim ("TACC"); specifically AHS' counterclaim for Breach of the Implied Covenant of Good Faith and Fair Dealing.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.   INTRODUCTION

NLMM's Motion to Dismiss mischaracterizes AHS's claim for breach of the implied covenant of good faith and fair dealing as "superfluous." That argument ignored both the law and the facts. California courts have long recognized that a breach of contract and a breach of the implied covenant may arise from the same transaction but target different wrongs.

Here, AHS alleges not only that NLMM failed to provide adequate staffing and timely radiology services under the Master Services Agreement and Facility Addendum (collectively, the "MSA"), but also that NLMM engaged in a bad-faith scheme of feigned compliance—misrepresenting its performance, ignoring repeated notices of deficiencies, issuing improper invoices, and obstructing AHS's ability to secure the benefit of its bargain. These allegations state a classic implied covenant claim under controlling authority.

For the reasons set forth herein, NLMM's Motion to Dismiss should be denied, or alternatively, AHS should be granted leave to amend.

## II.   LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) imposes a substantial burden upon a party moving to dismiss a complaint for failure to state a claim. The Supreme Court instructs that a valid claim "requires only a 'short and plain statement of the claim

gourjanlaw

showing that the pleader is entitled to relief,' in order to 'give defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8). The motion cannot be used to resolve factual issues or the merits of the case. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance [ ] dismissals based on a judge's disbelief of a complaint's factual allegations.").

In considering a motion to dismiss, all allegations in the pleading must be accepted as true, and all reasonably inferences must be drawn in favor of the pleader. *See Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal pursuant to Rule 12(b)(6) is only appropriate where there is either "a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

Accordingly, a motion to dismiss under Rule 12(b)(6) is appropriate only if the plaintiff has not provided fair notice of its claim and factual allegations that—when accepted as true—are plausible and rise above mere speculation. *See Twombly,* 550 U.S. at 555 (To survive a motion to dismiss for failure to state a claim upon which relief can be granted, factual allegations need only be "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." (internal citations omitted)).

## III.    LEGAL ARGUMENT

### A.    AHS's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing Is Not Superfluous Because It Targets NLMM's Bad Faith Conduct Beyond Mere Breach of Contract

NLMM's argument that AHS's implied covenant claim is "superfluous" ignores

the well-established principle that a breach of contract and a breach of the implied covenant may arise from related facts but target different wrongs. AHS's first cause of action addresses NLMM's failure to perform the express staffing and service obligations under the MSA. By contrast, AHS's second cause of action addresses NLLM'S bad faith scheme of feigned compliance—a pattern of conduct that unfairly frustrated AHS's ability to obtain the benefit of its bargain.

The implied "covenant [of good faith and fair dealing] not only imposes upon each contracting party the duty to refrain from doing anything which would render performance of the contract impossible by any act of his own, but also the duty to do everything that the contract presupposes that he will do to accomplish its purpose." *Pasadena Live v. City of Pasadena*, 114 Cal. App. 4th 1089, 1093 (2004). "The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." *Smith v. City and County of San Francisco*, 225 Cal. App. 3d 38, 49 (1990). California courts have further recognized that "[t]he covenant of good faith finds particular application in situations where one party is invested with a discretionary power affecting the rights of another" and is breached by the exercise of that power "in bad faith for the purpose of frustrating the other party's legitimate expectations." *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 372 (1992). Allegations of a breach of this covenant must show that the defendant engaged in a conscious and deliberate act that went beyond mere negligence or poor judgment, and that such conduct unfairly frustrated the parties' common purposes and deprived the other party of the expected benefits of the agreement. *See Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1379, 1395 (1990).

Here, AHS's allegations satisfy this standard. NLMM did not merely fail to provide the required number of physicians or timely reports, it deliberately

gourjanlaw

misrepresented that it was meeting those obligations while knowing it was not. For example, NLMM sent temporary physicians who failed to complete their work and became unreachable, admitted during meetings that improvements were needed but never took corrective action, and repeatedly assured AHS that coverage was adequate when it was not. NLMM's conduct reflects a conscious and calculated effort to feign compliance, frustrate AHS's ability to secure alternative providers, and thereby deprive AHS of the very benefits the MSA was designed to ensure: reliable, continuous, and competent radiology coverage. Under *Carma* and *Careau*, such deliberate bad faith conduct constitutes a breach of the implied covenant distinct from, and in addition to, breach of the express terms of the MSA.

These allegations describe conduct that was objectively unreasonable and calculated to frustrate the common purpose of the MSA. The MSA's express purpose was to ensure that WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC dba VISTA MEDICAL CENTER EAST ("VISTA") maintained uninterrupted coverage by competent, credentialed radiologists—a prerequisite to safe and continuous patient care. NLMM's actions directly undermined that purpose. Accordingly, AHS's implied covenant claim is not superfluous but rather addresses NLMM's dishonest, misleading and bad faith tactics that deliberately deprived AHS of both the protections of the MSA and the benefit of providing uninterrupted care to patients.

### B.    NLMM's Bad Faith Performance Deprived AHS of the Benefit of Its Bargain and Risks to Patient Safety

NLMM's misconduct went far beyond a mere shortfall in staffing numbers. NLMM engaged in a pattern of deliberate obstruction by sending physicians who abandoned their duties, issuing invoices for inadequate services, and refusing to cure deficiencies even after admitting the need to prove. Such conduct reflects intentional bad faith, not mere negligence.

While AHS's contract claim addresses NLMM's failure to perform its express duties, the  implied covenant claim focuses on NLMM's bad faith conduct—its refusal to correct known failures, its use of improper invoices, and its deliberate frustration of AHS's right to continuous, safe radiology coverage necessary for proper patient care. Courts recognize that the covenant exists "to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made." *Racine & Laramie, Ltd. v. Dept. of Parks and Rec.,* 11 Cal. App. 4th 1026, 1031-32 (1992).

Here, NLMM's misconduct included: (1) failing to provide a Medical Director of Radiology Services despite contractual promises; (2) repeatedly missing turnaround times for critical reports, thereby risking patient safety; (3) misrepresenting staffing levels while failing to provide the required 2.5 full-time equivalent physicians; and (4) persisting in these failures after repeated notices and opportunities to cure. Such conduct was not an honest mistake but a conscious scheme that frustrated the very purpose of the MSA—ensuring uninterrupted radiology coverage for VISTA patients. *See Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 373 (1992); *Pasadena Live v. City of Pasadena*, 114 Cal. App. 4th 1089, 1094 (2004).

By engaging in this conduct, NLMM acted contrary to the Agreement's express purpose—to ensure AHS's hospitals were staffed with properly credentialed radiologists providing timely and accurate report to ultimately provide patients with proper patient care—and otherwise frustrated AHS's right to receive those contractual benefits. (*Carma Developers*, supra, 2 Cal.4th at 373; *Pasadena Live*, supra, 114 Cal.App.4th at 1094).

As a direct result, AHS suffered not only monetary losses but also increased operational burdens and risks to patient safety. These allegations establish that NLMM's bad-faith performance deprived AHS of the benefit of its bargain and support a distinct

gourjanlaw

claim for breach of the implied covenant.

**C.    Plaintiff's Procedural Argument Regarding the Stipulation Lacks Merit**

NLLM contends that the Joint Stipulation entered into on September 4, 2025, a copy of which is attached hereto as **Exhibit A**, somehow barred AHS from asserting a claim for breach of the implied covenant. However, pursuant to the Court's September 5, 2025 Order, a copy of which is attached hereto as **Exhibit B**, "AHS [was] granted leave to file its Third Amended Counterclaim in the form attached as Exhibit A to the Parties' Joint Stipulation," The form attached to the Joint Stipulation expressly included AHS's second cause of action for breach of the implied covenant.

Nothing in either the Joint Stipulation or Order limited AHS to alleging only a breach of contract claim. To the contrary, the Court authorized the filing of the counterclaim in its entirety as drafted. Moreover, the Joint Stipulation itself preserved "all of NLMM's rights, defenses, and arguments," confirming that NLMM remained free to challenge AHS's claims on the merits, but not to retroactively rewrite the scope of what claims AHS was permitted to bring.

Alternatively, under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15's instruction to freely give leave to amend is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)); *Sanchez v. Albertsons, LLC*, No. 219CV02017JADDJA, 2022 WL 18863846, at *1 (D. Nev. July 5, 2022) ("courts in the Ninth Circuit grant leave to amend with liberality"). Thus, should the court determine any cause of action is deficient, AHS respectfully requests leave to amend its TACC. *Ferren v. U.S. Dep't of the Interior*, 51 F. App'x 270 (9th Cir. 2002) ("Because the deficiencies in Ferren's amended complaint

gourjanlaw

1   may be curable with some guidance from the court, we find that the dismissal with

2   prejudice was an abuse of discretion.").

3          Accordingly, AHS's implied covenant claim was properly included in the Third

4   Amended Counterclaim pursuant to the Court's Order, and NLMM's argument that the

5   Joint Stipulation bars that claim is meritless.

6   **IV.    CONCLUSION**

7          For the foregoing reasons, AHS respectfully requests that the Court deny

8   NLMM's Motion to Dismiss, or in the alternative, grant leave for AHS to amend its

9   TACC.

10

11

12  Dated: September 29, 2025                GOURJIAN LAW GROUP, P.C.

13

14                                          By: /s/ Tara Karamians
                                            Tara Karamians, Esq.
15                                          Attorney for Defendants
16                                          **GOURJIAN LAW GROUP, P.C.**
                                            101 N. Brand Blvd., Suite 1220
17                                          Glendale, California 91203
18                                          Telephone: (818) 956-0100
                                            Email: tara@gourjianlaw.com
19                                          *Representing Defendants and Cross-*
20                                          *Complainant*

21

22

23

24

25

26

27

28

**AMERICAN HEALTHCARE SYSTEMS CORP., INC'S OPPOSITION TO NORTHERN LIGHT MEDICAL MANAGEMENT, LLC'S MOTION TO DISMISS COUNTERCLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

gourjianlaw

## DECLARATION OF TARA KARAMIANS

I, TARA KARAMIANS, declare:

1.      I am an attorney duly licensed to practice law in the State of California and an associate attorney at Gourjian Law Group, P.C., attorneys for Defendants AMERICAN HEALTHCARE SYSTEMS CORP., INC. ("AHS") and WAUKEGAN ILLINOIS HOSPITAL COMPANY LLC dba VISTA MEDICAL CENTER EAST ("VISTA") in the United States District Court of California Central District case number 2:25-cv-3643. Except as otherwise stated, I have personal knowledge of all facts set forth in this Declaration and if called upon to do so could and would testify completely hereto.

2.      Attached as **Exhibit A** is a true and correct copy of the September 4, 2025 Joint Stipulation for Leave to Allow AHS to File Third Amended Counterclaim.

3.      Attached as **Exhibit B** is a true and correct copy of the September 5, 2025 Order Re: Joint Stipulation for Leave to Allow AHS to File Third Amended Counterclaim.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I executed this declaration on September 29, 2025 at Glendale, California.

Dated: September 29, 2025          GOURJIAN LAW GROUP, P.C.


                                                    By: /s/ Tara Karamians
                                                    Tara Karamians, Esq.
                                                    Attorney for Defendants

AMERICAN HEALTHCARE SYSTEMS CORP., INC'S OPPOSITION TO NORTHERN LIGHT MEDICAL MANAGEMENT, LLC'S MOTION TO DISMISS COUNTERCLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

EXHIBIT A

1  CHRISTOPHER FROST (SBN 200336)
   chris@frostllp.com
2  BENJAMIN KASSIS (SBN 298844)
   ben@frostllp.com
3  DAVID TIRATURYAN (SBN 350995)
   david1@frostllp.com
4  FROST LLP
   10960 Wilshire Boulevard, Suite 2100
5  Los Angeles, California 90024
   Telephone: (424) 254-0441
6  Facsimile: (424) 600-8504

7  Attorneys for Plaintiff and Counter-Defendant
   NORTHERN LIGHT MEDICAL
8  MANAGEMENT, LLC

9              UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12  NORTHERN LIGHT MEDICAL          Case No. 2:25-cv-03643-MCS-(BFMx)
    MANAGEMENT, LLC, a Wyoming
13  limited liability company,       *Assigned to: Hon. Mark C. Scarsi*

14              Plaintiff,           **JOINT STIPULATION FOR LEAVE
                                     TO ALLOW AMERICAN
15         vs.                       HEALTHCARE SYSTEMS CORP.,
                                     INC. TO FILE THIRD AMENDED
16  AMERICAN HEALTHCARE              COUNTERCLAIM**
    SYSTEMS CORP., INC., a Nevada
17  corporation; WAUKEGAN ILLINOIS
    HOSPITAL COMPANY, LLC, d.b.a.
18  VISTA MEDICAL CENTER EAST, an    Action Filed:  April 24, 2025
    Illinois limited liability company;  Trial Date:    July 28, 2026
19  DOES 1 through 50, inclusive,

20              Defendants.

21  ───────────────────────────
22  AND RELATED COUNTERCLAIM

23

24

25

26

27

28

## JOINT STIPULATION

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15, Plaintiff and Counter-Defendant Northern Light Medical Management, LLC ("NLMM") and Defendant and Counterclaimant American Healthcare Systems Corp., Inc. ("AHS") (together, the "Parties"), by and through the undersigned counsel, stipulate as follows:

**WHEREAS**, on April 24, 2025, NLMM filed its Complaint (ECF No. 1) in this action against AHS and Waukegan Illinois Hospital Company, LLC, asserting claims for (i) Breach of Contract; (ii) Breach of the Implied Covenant of Good Faith and Fair Dealing; (iii) Common Count: Goods and Services Rendered; and (iv) Accounting;

**WHEREAS**, on May 17, 2025, AHS filed an Answer and Counterclaim (ECF No. 19), wherein AHS asserted a claim for Fraud against NLMM;

**WHEREAS**, on June 17, 2025, AHS filed its First Amended Counterclaim (ECF No. 28);

**WHEREAS**, on June 26, 2025, the Parties filed a Joint Stipulation requesting the Court to grant AHS leave to file its Second Amended Counterclaim (ECF No. 30);

**WHEREAS**, on June 30, 2025, the Court entered an order granting the Parties' Joint Stipulation in part, allowing AHS to file its Second Amended Counterclaim (ECF No. 32);

**WHEREAS**, on July 14, 2025, AHS filed its Second Amended Counterclaim (ECF No. 38);

**WHEREAS**, on July 28, 2025, NLMM filed its Motion to Dismiss AHS's Second Amended Counterclaim (ECF No. 45);

**WHEREAS**, on July 30, 2025, the Court denied NLMM's Motion to Dismiss on prudential grounds and "without prejudice to renewal" in light of AHS's prior counsel's pending withdrawal from representation due to a conflict and the Court's

skepticism that the position of departing counsel should control AHS's litigation strategy going forward (*see* ECF No. 46);

**WHEREAS**, the Court's July 30, 2025 Order set NLMM's deadline to renew its motion to dismiss or otherwise respond to the Second Amended Counterclaim on August 25, 2025;

**WHEREAS**, new counsel substituted in for AHS on August 8, 2025;

**WHEREAS**, on August 15, 2025, counsel for the Parties held a pre-filing conference pursuant to Local Rule 7-3 regarding NLMM's renewed motion to dismiss;

**WHEREAS**, during the August 15, 2025 conference, AHS's counsel represented that they needed additional time to review the docket and become acquainted with the facts and issues of the case;

**WHEREAS**, on August 22, 2025, the Parties filed a Stipulation requesting the Court to extend NLMM's deadline to renew its motion to dismiss or otherwise respond to the Second Amended Counterclaim to September 5, 2025 (ECF No. 61), which was granted by the Court on August 25, 2025 (ECF No. 62);

**WHEREAS**, on August 29, 2025, following review of the case, AHS's counsel confirmed that AHS intends to amend its counterclaim and file a Third Amended Counterclaim to assert a claim for Breach of Contract in lieu of its previously asserted Fraud claim;

**WHEREAS**, a true and correct copy of AHS's proposed Third Amended Counterclaim is attached hereto as <u>Exhibit A</u>;

**WHEREAS**, NLMM stipulates to the filing of AHS's Third Amended Counterclaim to clarify and narrow the issues in dispute and promote the efficient resolution of this action;

**WHEREAS**, by stipulating to AHS's filing of its Third Amended Counterclaim, NLMM does not concede, admit, or waive any objections to the sufficiency, validity, or accuracy of any allegations set forth therein, and expressly

reserves all rights, defenses, and arguments, including but not limited to the right to bring motions challenging any and all claims and allegations asserted in the Third Amended Counterclaim; and

**WHEREAS**, there are no hearings currently scheduled in this matter.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** as follows:

1.      AHS shall file its Third Amended Counterclaim within two (2) days of the Court's entry of an order granting this Joint Stipulation;

2.      NLMM's deadline to respond to the Third Amended Counterclaim, including but not limited to any motions challenging the pleading, shall be fourteen (14) days from the date of AHS's filing of the Third Amended Counterclaim; and

3.      This Stipulation is without prejudice to NLMM's rights to assert any and all defenses, objections, and arguments, including but not limited to challenges to the sufficiency of any allegations, in response to the Third Amended Counterclaim.

**IT IS SO STIPULATED.**

*[SIGNATURES ON FOLLOWING PAGE]*

JOINT STIPULATION FOR LEAVE TO ALLOW AMERICAN HEALTHCARE SYSTEMS CORP., INC. TO FILE THIRD AMENDED COUNTERCLAIM

1

2  DATED:  September 4, 2025        FROST LLP

3

4

5  By: _____

6  DAVID TIRATURYAN
   Attorney for Plaintiff and Counter-Defendant
7  NORTHERN LIGHT MEDICAL
   MANAGEMENT, LLC
8

9

10 DATED:  September 4, 2025        GOURJIAN LAW GROUP, P.C.

11

12

13 By: _____/s/ Tara Karamians_____

14 TARA KARAMIANS
   Attorney for Defendant and Counterclaimant
15 AMERICAN HEALTHCARE SYSTEMS
   CORP., INC.
16

17

18

19

20

21

22

23

24

25

26

27

28

4

FROST

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the undersigned filer hereby certifies that all signatories listed above have concurred in the filing of this document.

DATED:  September 4, 2025        FROST LLP

By: _____
DAVID TIRATURYAN
Attorney for Plaintiff and Counter-Defendant
NORTHERN LIGHT MEDICAL
MANAGEMENT, LLC

JOINT STIPULATION FOR LEAVE TO ALLOW AMERICAN HEALTHCARE SYSTEMS CORP., INC. TO FILE THIRD AMENDED COUNTERCLAIM

# EXHIBIT A

1  Varand Gourjian, Esq. (SBN 205344)
   Email: varand@gourjianlaw.com;
2  Armen F. Papazian, Esq. (SBN 209989), of counsel
   Emai: armen@papazianlawfirm.com
3  Tara Karamians, Esq. (SBN 331329)
   Email: tara@gourjianlaw.com;
4  Alec Galustian, Esq. (SBN 360045)
   Email: Alec@gourjianlaw.com
5
   **GOURJIAN LAW GROUP, P.C.**
6  101 N. Brand Blvd., Suite 1220
   Glendale, California 91203
7  Telephone: (818) 956-0100
8
9  Attorneys for Defendants: AMERICAN HEALTHCARE SYSTEMS CORP., INC. and
   WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC
10
                    **UNITED STATES DISTRICT COURT**
11            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
                         **WESTERN DIVISION**
12
13
14  NORTHERN LIGHT MEDICAL              CASE NO. 2:25-cv-3643
    MANAGEMENT, LLC, a Wyoming
15  limited liability company,          *Assigned for all purposes to Hon. Mark C. Scarsi*
16                  Plaintiff,
                                        Complaint Filed: April 24, 2025
17          vs.
                                        **AMERICAN HEALTHCARE SYSTEMS**
18  AMERICAN HEALTHCARE SYSTEMS         **CORP., INC. AND WAUKEGAN ILLINOIS**
    CORP., INC., et al.                 **HOSPITAL COMPANY, LLC'S THIRD**
19                                       **AMENDED ANSWER AND**
                   Defendants.          **COUNTERCLAIM**
20
21                                      Trial Date: Not Set
22
23
24  / / /
25  / / /
26  / / /
27  / / /
28

Defendants AMERICAN HEALTHCARE SYSTEMS CORP., INC. and WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC (hereinafter "AHS" and "Vista" or together as "Defendants"), by and through their undersigned counsel, hereby answer Plaintiff's Complaint (the "Complaint") filed in the above-captioned case by Plaintiff NORTHERN LIGHT MEDICAL MANAGEMENT, LLC ("Plaintiff"). Defendants deny each and every allegation set forth in the Complaint except for those allegations expressly and specifically admitted below. Defendants have utilized the headings contained in Plaintiff's Complaint. To the extent Plaintiff's headings set forth legal or factual allegations that requires Defendants to answer, Plaintiff denies the allegations set forth therein.

## COMPLAINT

## THE PARTIES

1. Defendants have no information to admit or deny.

2. Admit.

3. Deny.

4. Deny.

5. Deny.

6. Deny.

7. Deny.

## JURISDICTION AND VENUE

8. Deny.

9. Deny.

10. Deny.

## GENERAL ALLEGATIONS

11. Defendants restate their responses from all of the foregoing paragraphs as though fully set forth herein.

THIRD AMENDED ANSWER AND COUNTERCLAIM

gourjianlawgroup

12.    Deny.

13.    Deny.

14.    Admit.

15.    Deny as AHS denies that it voluntarily entered into the contract given that it relied on NLMM's fraudulent representations.

16.    Admit.

17.    Admit.

18.    Defendants state that the document attached as Exhibit A of Plaintiff's Complaint speaks for itself.

19.    Document speaks for itself.

20.    Document speaks for itself.

21.    Admit only so much as the document speaks for itself. Defendants state that Plaintiff knowingly reduced expected amounts on their pro forma in order to have Defendants essentially capitalize their company for them.

22.    Deny.

23.    Document speaks for itself.

24.    Admit.

25.    Deny.

26.    Deny.

27.    Deny.

28.    Deny.

29.    Deny.

30.    Deny.

31.    Admit only that NLMM agreed to pay these fees and it was not a pass through cost.

32.    Admit only that NLMM paid the money and issued invoice. Defendants do

THIRD AMENDED ANSWER AND COUNTERCLAIM

gourjianlawgroup

not admit the validity or enforceability of the invoice.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

## FIRST CLAIM FOR RELIEF

### Breach of Contract

42. Defendants restate their responses from all of the foregoing paragraphs as though fully set forth herein.

43. Deny.

44. Admit.

45. Deny in that NLMM was not entitled to compensation based on their fraudulent representations to induce AHS to sign contract and their material breach and failure to perform duties under the Contract.

46. Document speaks for itself.

47. Document speaks for itself.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

gourjianlawgroup

THIRD AMENDED ANSWER AND COUNTERCLAIM

53.     Deny in as far as it is not considered a pass through cost.

54.     Admit.

55.     Deny.

56.     Deny. Defendants on multiple occasions notified NLMM of their failure to perform under the Contract.

57.     Deny.

58.     Deny.

59.     Deny.

60.     Deny.

## SECOND CLAIM FOR RELIEF

### Breach of the Implied Covenant of Good Faith and Fair Dealing

61.     Defendants restate their responses from all of the foregoing paragraphs as though fully set forth herein.

62.     Deny.

63.     Deny.

64.     Deny.

65.     Deny. NLMM's performance was inconsistent, inadequate and unprofessional as documented through multiple communications between Vista and NLMM.

        a.     Deny.

        b.     Deny.

        c.     Deny.

        d.     Deny.

        e.     Deny.

66.     Deny.

67.     Deny.

gourjianlawgroup

5

## THIRD CLAIM FOR RELIEF

### Common Count: Goods and Services Rendered

68. Deny.

69. Deny.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

## FOURTH CLAIM FOR RELIEF

### Accounting

74. Defendants restate their responses from all of the foregoing paragraphs as though fully set forth herein.

75. Deny.

76. Deny.

77. Deny.

78. Deny.

79. Deny.

80. Deny.

81. Deny.

82. Deny.

83. Deny.

## AFFIRMATIVE DEFENSES

84. Failure of Consideration: The consideration promised by NLMM was not provided or was inadequate.

85. Estoppel: NLMM, through their actions, representations, or silence, induced AHS and Vista to believe certain facts and act upon them to their

detriment.

86.    Fraud: NLMM made false representations or concealment of material facts with the intent to deceive, which results in damage to AHS and Vista.

87.    Unclean Hands: NLMM acted unethically or in bad faith concerning the subject matter of the contract.

## AMERICAN HEALTHCARE SYSTEMS CORP., INC.'S
## THIRD AMENDED
## COUNTERCLAIM

88.    Defendant and Counterclaimant, AHS, provides management and support services to various hospitals nationwide in order to revitalize and strengthen their critical care for their patient communities.

89.    Defendant Vista owns and operates a hospital in Waukegan, Illinois, with the majority of its patient population receiving care through Medicaid and federal funding.

90.    In or around the summer of 2024, AHS was in need of radiology services for their hospital, Randolph Health, in North Carolina.

91.    At the time, there was a shortage in radiology services and AHS was having a hard time finding critical services needed for continuation of patient care.

92.    In a zoom meeting on or around July 11, 2024, NLMM, through Patrick Santore, Jr., Chief Executive Officer of NLMM, presented their company to AHS, including Faisal Gill, AHS's Chief Legal Officer, as a well experienced company with the ability to immediately provided highly qualified physicians for continuous and highly competent radiology coverage for their hospitals.

93.    Both AHS and NLMM, through their respective agents in this conversation, understood that the radiology services proposed by NLMM included not

only reading the charts given to NLMM, but also NLMM providing complete and accurate reports for further patient care and safety.

94.  During this meeting, NLMM, through Santore, stated to AHS that they had doctors already recruited and ready to immediately provide their services for 24/7 coverage to AHS.

95.  In the same conversation, NLMM, through Santore, further stated that they had the ability to help AHS recruit for needed services locally and to provide medical director services for their radiology department.

96.  NLMM, through Santore, made the representation that they had the ability to immediately provide continuous radiology coverage with doctors already recruited by NLMM.

97.  In the same conversation, NLMM, through Santore, stated that they had doctors recruited, vetted, and equipment ready in order to provide services immediately after signing a contract.

98.

99.  Santore, on behalf of NLMM, made these statements with the intent to induce AHS into signing an Agreement with NLMM for the radiology services.

100. Specifically, he made the statement that they would immediately provide continuous 24/7 coverage without any intention of actually performing this promise.

101. This is clear by the fact that from the beginning, NLMM was unable to provide 24/7 coverage, and doctors who were on NLMM's calendar to AHS as working were not available and actually able to work for AHS at that time.

102. It is further clear as AHS, since the outset of NLMM's services, would

THIRD AMENDED ANSWER AND COUNTERCLAIM

gourjianlawgroup

consistently call NLMM because they did not have coverage and NLMM would send in temporary doctors, who would not complete their work and were later unreachable to finish their work.

103. They further made the statements in the pro forma invoices for the hospitals, knowing these statements to be false as they were woefully inadequate and clearly not expected costs from an experienced company.

104. AHS relied on NLMM's false statements to their detriment by signing the agreement and paying NLMM money to provide services.

105. On or about September 18, 2024, NLLM and AHS entered into that certain Master Service Agreement for Hospital-Based Radiology (the "MSA").

106. Pursuant to section 2.01 of the MSA, NLLM was to perform Services (as defined in the MSA), including, but not limited to those listed in section 2.01(I): "Providing and maintaining a sufficient number of Physicians on Healthcare Organization's Medical Staff with appropriate clinical privileges to provide the Services described in paragraphs A through H of this Section 2.01 twenty-four (24) hours per day, seven (7) days a week, fifty-two (52) weeks per yea subject, to any special requirements set forth in applicable Facility Addendum[.]"

107. Pursuant to the Addendum to the MSA, NLLM was required to provide "Two and One-Half (2.5) full-time Physicians", constituting one physician on-site, one physician remote working Monday to Friday from 12 PM to 8 PM, one physician remote working Monday to Friday from 1 PM to 5 PM (this is a ½ FTE).

108. Notwithstanding AHS' compliance and fulfillment of all their obligations under the MSA, immediately after signing the MSA and beginning their Services, NLMM provided inaccurate, incomplete, and unprofessional

THIRD AMENDED ANSWER AND COUNTERCLAIM

services to AHS.

109. Despite Santore's representations, NLMM had issues providing 24/7 coverage to AHS from the outset of their services.

110. On numerous occasions, multiple staff from Vista notified NLMM about their incorrect reports, requesting addendums which would take an unreasonable amount of time to receive.

111. NLMM consistently had trouble fulfilling their duty to provide 2.5 FTE physicians for radiology services and had to provide numerous amount of doctors who would fill in but would not complete their work and would become unreachable in order to follow up on getting an accurate and complete report.

112. NLMM continuously was untimely in the provision of their Services, failing to meet the expected turnaround time for numerous cases.

113. NLMM's unprofessional and untimely work created risk to patient safety, often times leading to complaints from physicians and patients who did not receive their radiology reports in a timely manner.

114. AHS did not excuse NLLM's failure to perform said Services, as AHS communicated notice to NLMM of their failure to provide adequate services under the agreement through various methods, including phone and email communication to Brian Schenker, Vista's point of contact for NLMM, and weekly meetings held with leadership of both entities.

115. During each of these communications, NLMM admitted that they needed to improve their services, but never actually took any efforts to improve.

116. Despite numerous notices of their clear breach of the agreement, NLMM never cured any defects in their performance, or lack thereof.

117. Further, NLMM agreed under the contract to provide a Medical Director

THIRD AMENDED ANSWER AND COUNTERCLAIM

gourjianlawgroup

for Radiology Services.

118.  At both Randolph Health and Vista, NLMM never provided either facility with such Services despite the extensive amount of duties they agreed to undertake under the agreement.

119.  As such, NLMM breached the Master Services Agreement numerous times and caused AHS significant damages, in an amount to be determined at trial.

## FIRST CLAIM FOR RELIEF

### Breach of Written Contract

#### (*Against Northern Light Medical Management, LLC*)

120.  Counterclaimant AHS re-alleges and incorporates by this reference paragraphs 88 through 119 of this Counterclaim as though fully set forth herein.

121.  On or around the summer of 2024, in an effort to induce AHS into entering a Master Services Agreement with NLMM, NLMM knowingly made multiple promises to AHS regarding their experience and ability to provide adequate radiology services to AHS.

122.  Specifically, during the conversation between Patrick Santore, Jr., CEO of NLMM, and Faisal Gill, Chief Legal Officer of AHS, on or around July 11, 2024, Santore stated that NLMM could immediately provide AHS with 24/7 radiology coverage with competent doctors already vetted and recruited by NLMM.

123.  Santore further stated that NLMM would be able to immediately provide Medical Director of Radiology Services to AHS.

124.  In reliance of these statements, AHS and NLMM entered into that certain Medical Services Agreement for Hospital-Based Radiology executed on or

gourjianlawgroup

about September 18, 2024 and as modified in writing by that certain Initial Facility Addendum dated September 17, 2024, and the Facility Addendum: Vista Medical Center dated September 17, 2024, (collectively, the "MSA").

125. Despite AHS's fulfillment of its obligations under the MSA, NLMM was unable to adequately provide Services to AHS pursuant to Section 2.01 of the MSA..

126. Specifically, NLLM failed to provide and maintain a sufficient number of Physicians with appropriate clinical privileges pursuant to section 2.01(I) of the MSA.

127. On numerous occasions, multiple staff from Vista notified NLMM about their incorrect reports, requesting addendums which would take an unreasonable amount of time to receive.

128. NLMM consistently had trouble fulfilling their duty to provide 2.5 FTE physicians for radiology services and had to provide a numerous amount of doctors who would fill in but would not complete their work and would become unreachable in order to follow up on getting an accurate and complete report.

129. NLMM was also continuously failing to meet the expected turnaround time for numerous cases.

130. NLMM's obligations under the MSA and accompanying addendums was not excused or waived.

131. NLMM's unprofessional and untimely work created risk to patient safety, often times leading to complaints from physicians and patients who did not receive their radiology reports in a timely manner.

132. As a result of this breach, AHS and Vista suffered significant damages, in an amount to be determined at trial, but no less than $200,000.00.

## SECOND CLAIM FOR RELIEF

### Breach of the Implied Covenant of Good Faith and Fair Dealing

#### (*Against Northern Light Medical Management, LLC*)

133. Counterclaimant AHS re-alleges and incorporates by this reference paragraphs 88 through 132 of this Counterclaim as though fully set forth herein.

134. The MSA constitutes a valid, binding, and enforceable contract between AHS and NLMM.

135. Implied within each of the MSA is a covenant of good faith and fair dealing, requiring that neither party engage in conduct that unfairly frustrates, interferes with, or deprives the other of the benefits of the agreement.

136. At all times relevant hereto, AHS performed all, or substantially all, of its obligations under the MSA.

137. Despite AHS' performance under the MSA, NLMM frustrated AHS through its unreasonable and bad faith conduct in its refusal to properly staff the positions required by the MSA, while it contended that it was doing so. Said contentions were made without any basis, and in an effort to force AHS to pay its improper invoices.

138. NLMM's conduct violated the implied covenant of good faith and fair dealing by depriving AHS of the full benefits it reasonably anticipated under these contracts. Indeed, NLMM's actions were objectively unreasonable and inconsistent with AHS' justified expectations.

139. As a direct, foreseeable, and legal result of the NLMM's breach of the covenant of good faith and fair dealing, AHS suffered substantial damages, including consequential and incidental damages, in an amount to be determined at trial.

gourjianlawgroup

140.   As a further direct, proximate and legal result of the conduct of NLMM, as set forth herein, AHS has been caused to expend substantial sums of money for attorney's fees, costs, and other litigation costs which are recoverable pursuant to applicable law.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant and Counterclaimant prays for judgment against Plaintiff/Counter defendant, as follows:

1.   For general damages, according to proof at trial;

2.   For special damages, according to proof at trial;

3.   For compensatory damages, according to proof at trial;

4.   For pre-judgment and post-judgment interest at the maximum legal rate;

5.   For attorneys' fees and costs, as permitted by law; and

6.   For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Defendant/Counterclaimant hereby demand a trial by jury on all issues and causes of action triable by a jury.

DATED: September 04, 2025            Respectfully submitted,

GOURJIAN LAW GROUP, P.C.

/s/ Tara Karamians
Tara Karamians, Esq.
*Attorneys for Defendants/*
*Counterclaimants*
**GOURJIAN LAW GROUP, P.C.**
101 N. Brand Blvd., Suite 1220
Glendale, California 91203

THIRD AMENDED ANSWER AND COUNTERCLAIM

1   Telephone: (818) 956-0100
2   tara@gourjianlaw.com
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<pre>
 1
 2
 3
 4
 5
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
10
11   NORTHERN LIGHT MEDICAL          Case No. 2:25-cv-03643-MCS-(BFMx)
12   MANAGEMENT, LLC, a Wyoming
     limited liability company,       Assigned to: Hon. Mark C. Scarsi
13
             Plaintiff,               [PROPOSED] ORDER RE: JOINT
14                                    STIPULATION FOR LEAVE TO
        vs.                           ALLOW AMERICAN
15                                    HEALTHCARE SYSTEMS CORP.,
     AMERICAN HEALTHCARE              INC. TO FILE THIRD AMENDED
16   SYSTEMS CORP., INC., a Nevada    COUNTERCLAIM
     corporation; WAUKEGAN ILLINOIS
17   HOSPITAL COMPANY, LLC, d.b.a.
     VISTA MEDICAL CENTER EAST, an    Action Filed:   April 24, 2025
18   Illinois limited liability company;   Trial Date:     July 28, 2026
     DOES 1 through 50, inclusive,
19
             Defendants.
20
21   AND RELATED COUNTERCLAIM
22
23
24
25
26
27
28
</pre>

Having reviewed the Joint Stipulation filed by Plaintiff and Counter-Defendant Northern Light Medical Management, LLC ("NLMM") and Defendant and Counterclaimant American Healthcare Systems Corp., Inc. ("AHS") (together, the "Parties"), and good cause appearing therefor, **IT IS HEREBY ORDERED** as follows:

1.  The Parties' Joint Stipulation is **GRANTED**;

2.  AHS is granted leave to file its Third Amended Counterclaim in the form attached as Exhibit A to the Parties' Joint Stipulation;

3.  AHS shall file its Third Amended Counterclaim within two (2) days of the entry of this Order and shall attach as an appendix thereto a "redline" comparison showing the changes from the Second Amended Counterclaim, as required by Section 13 of the Court's Initial Standing Order;

4.  NLMM shall respond to AHS's Third Amended Counterclaim, whether by motion or answer, within fourteen (14) days from the date of AHS's filing of the Third Amended Counterclaim;

5.  All of NLMM's rights, defenses, and arguments are preserved, including but not limited to the right to bring motions challenging any all claims and allegations asserted in the Third Amended Counterclaim; and

6.  All other dates and deadlines in this action, including those set forth in the Scheduling Order (ECF No. 50), remain unchanged.

**IT IS SO ORDERED**.


DATED: _____          _____

                                        HON. MARK C. SCARSI
                                        UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER RE: JOINT STIPULATION FOR LEAVE TO ALLOW AMERICAN HEALTHCARE SYSTEMS CORP., INC. TO FILE THIRD AMENDED COUNTERCLAIM

EXHIBIT B

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NORTHERN LIGHT MEDICAL MANAGEMENT, LLC, a Wyoming limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN HEALTHCARE SYSTEMS CORP., INC., a Nevada corporation; WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d.b.a. VISTA MEDICAL CENTER EAST, an Illinois limited liability company; DOES 1 through 50, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 2:25-cv-03643-MCS-BFM<br><br>*Assigned to: Hon. Mark C. Scarsi*<br><br>**ORDER RE: JOINT STIPULATION FOR LEAVE TO ALLOW AMERICAN HEALTHCARE SYSTEMS CORP., INC. TO FILE THIRD AMENDED COUNTERCLAIM (ECF No. 64)**<br><br>Action Filed:   April 24, 2025<br>Trial Date:      July 28, 2026 |

Having reviewed the Joint Stipulation filed by Plaintiff and Counter-Defendant Northern Light Medical Management, LLC ("NLMM") and Defendant and Counterclaimant American Healthcare Systems Corp., Inc. ("AHS") (together, the "Parties"), and good cause appearing therefor, **IT IS HEREBY ORDERED** as follows:

1.      The Parties' Joint Stipulation is **GRANTED**;

2.      AHS is granted leave to file its Third Amended Counterclaim in the form attached as Exhibit A to the Parties' Joint Stipulation;

3.      AHS shall file its Third Amended Counterclaim within two (2) days of the entry of this Order and shall attach as an appendix thereto a "redline" comparison showing the changes from the Second Amended Counterclaim, as required by Section 13 of the Court's Initial Standing Order;

4.      NLMM shall respond to AHS's Third Amended Counterclaim, whether by motion or answer, within fourteen (14) days from the date of AHS's filing of the Third Amended Counterclaim;

5.      All of NLMM's rights, defenses, and arguments are preserved, including but not limited to the right to bring motions challenging any all claims and allegations asserted in the Third Amended Counterclaim; and

6.      All other dates and deadlines in this action, including those set forth in the Scheduling Order (ECF No. 50), remain unchanged.

**IT IS SO ORDERED**.

DATED:   September 5, 2025

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

1
ORDER RE: JOINT STIPULATION FOR LEAVE TO ALLOW AMERICAN HEALTHCARE SYSTEMS CORP., INC. TO FILE THIRD AMENDED COUNTERCLAIM

|  |  |
|---|---|
| | ) |
| STATE OF CALIFORNIA | ) ss.: |
| | ) |

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 101 N. Brand Blvd., Suite 1220, Glendale, CA 91203.

On September 29, 2025, I served on interested parties the following document(s) described as: **AMERICAN HEALTHCARE SYSTEMS CORP., INC'S OPPOSITION TO NORTHERN LIGHT MEDICAL MANAGEMENT, LLC'S MOTION TO DISMISS COUNTERCLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** on the interested parties as follows:

Christopher Frost
Benjamin Kassis
David Tiraturyan
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, CA 90024
chris@frostllp.com
ben@frostllp.com
david1@frostllp.com
rduboff@frostllp.com
*Attorneys for  Plaintiff*

☒ (BY ELECTRONIC SERVICE) via e-mail transmission to counsel for Plaintiff at the email addresses identified above.

☐ (BY U.S. MAIL) I caused such envelope with postage thereon fully prepaid, via U.S. mail to be placed in the United States mail at Glendale, California.

☐ (BY PERSONAL SERVICE) I caused such document to be personally served on all parties at…

☒ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 29, 2025 at Glendale, California.

| | |
|---|---|
| Ivette Molina | *Ivette Molina* |
| (Type or print name) | (Signature) |