UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:25-cv-03643-MCS-BFM | Date October 16, 2025 |
| Title N. Light Med. Mgmt., LLC v. Am. Healthcare Sys. Corp., Inc. | |

Present: The Honorable Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

Proceedings: **(IN CHAMBERS) ORDER RE: MOTION TO DISMISS COUNTERCLAIM (ECF NO. 78)**

Plaintiff and Counterclaim Defendant Northern Light Medical Management, LLC, moves to dismiss Defendant and Counterclaimant American Healthcare Systems Corporation, Inc.'s counterclaim for breach of the implied covenant of good faith and fair dealing. (Mot., ECF No. 78.) Counterclaimant opposed, (Opp'n, ECF No. 79), and Counterclaim Defendant filed a reply, (Reply, ECF No. 80). The Court deems the motion appropriate for resolution without a hearing. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

I.  BACKGROUND

This is a contract dispute. In the primary action, Counterclaim Defendant asserts that Counterclaimant failed to pay it for its radiology services. (*See generally* Compl., ECF No. 1.) Counterclaim Defendant brings claims for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) goods and services rendered; and (4) accounting. (Compl. ¶¶ 42–83.) In response, Counterclaimant denies Counterclaim Defendant's allegations and brings counterclaims related to the adequacy of Counterclaim Defendant's services and its representations thereof. Previously, Counterclaimant raised a counterclaim for fraud,

(Answer & Countercl. ¶¶ 112–15, ECF No. 19), an amended counterclaim for fraud in the inducement, (1st Am. Answer & Countercl. ¶¶ 112–15, ECF No. 28), and a further amended counterclaim for fraud in the inducement, (2d Am. Answer & Countercl. ¶¶ 117–23, ECF No. 38).

In its third amended answer and counterclaim presently at issue, Counterclaimant brings two counterclaims: (1) breach of written contract, and (2) breach of the implied covenant of good faith and fair dealing. (3d Am. Answer & Countercl. ¶¶ 120–40, ECF No. 67.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## III.   DISCUSSION

Counterclaim Defendant argues that the counterclaim for breach of the implied covenant of good faith and fair dealing should be dismissed because it is based on the same breach underlying the counterclaim for breach of contract. (Mot. 5–8.) "When a plaintiff brings both a breach of contract and a breach of the implied covenant claim, the latter will be superfluous and subject to dismissal if both claims cite the same underlying breach." *Berkeley v. Wells Fargo Bank*, No. 15-cv-00749-JSC, 2015 U.S. Dist. LEXIS 141947, at *25–26 (N.D. Cal. Oct. 19, 2015); *see also*

*Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 327 (2000) ("[W]here breach of an actual term is alleged, a separate implied covenant claim, based on the same breach, is superfluous. On the other hand, where an implied covenant claim alleges a breach of obligations beyond the agreement's actual terms, it is invalid."). "But a plaintiff may bring both claims if they are based on two different breaches." *Berkeley*, 2015 U.S. Dist. LEXIS 141947, at *26.

In response, Counterclaimant argues that the implied covenant counterclaim is not superfluous because it targets Counterclaim Defendant's "bad faith scheme of feigned compliance—a pattern of conduct that unfairly frustrated [Counterclaimant's] ability to obtain the benefit of its bargain."[1] (Opp'n 4.) To allege a breach of the implied covenant, a plaintiff must show that a defendant's conduct "involves unfair dealing, whether or not it also constitutes breach of a consensual contract term, prompted by a conscious and deliberate act that 'unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party.'" *Celador Int'l Ltd. v. Walt Disney Co.*, 347 F. Supp. 2d 846, 852 (C.D. Cal. 2004) (quoting *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990)).

The basis for Counterclaimant's breach of contract claim is that Counterclaim Defendant "failed to provide and maintain a sufficient number of Physicians with appropriate clinical privileges pursuant to" the parties' agreement. (3d Am. Answer & Countercl. ¶ 126.) Meanwhile, the basis for Counterclaimant's implied covenant

---

[1] Counterclaimant includes additional allegations in its opposition to Counterclaim Defendant's motion that were not included in the third amended answer and counterclaim. (*See* Opp'n 4–5 (proffering that Counterclaim Defendant "deliberately misrepresented that it was meeting [its obligations to provide the required number of physicians and timely reports] while knowing it was not," and that Counterclaim Defendant's conduct "reflects a conscious and calculated effort to feign compliance [and] frustrate [Counterclaimant's] ability to secure alternative providers").) In resolving this motion, the Court addresses only the allegations that were included in Counterclaimant's third amended answer and counterclaim. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."); *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) ("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss.").

claim is that Counterclaim Defendant frustrated Counterclaimant's expectations "through its unreasonable and bad faith conduct in its refusal to properly staff the positions required by the [parties' agreement], while [Counterclaim Defendant] contended that it was doing so." (*Id.* ¶ 137.) Counterclaimant further submits that Counterclaim Defendant's contentions that it was properly staffing positions "were made without any basis, and in an effort to force [Counterclaimant] to pay its improper invoices." (*Id.*)

Counterclaimant's characterization of Counterclaim Defendant's conduct as "unreasonable and [in] bad faith" are legal conclusions that the Court is not bound to accept as true. (*Id.*) *See Iqbal*, 556 U.S. at 678. Therefore, the key issue is whether Counterclaimant's allegation that Counterclaim Defendant refused to staff the physician positions required by the parties' agreement, while contending it was doing so, sufficiently alleges a conscious and deliberate act unfairly frustrating the parties' agreed common purposes.

Counterclaimant has not provided additional allegations to suggest that Counterclaim Defendant's representation that it was adequately staffing positions was an intentional act rising to the level of unfair dealing. The counterclaim does not allege that Counterclaim Defendant was scheming, feigning compliance, or deliberately misrepresenting its staffing levels. As a result, there are no facts alleged that establish a breach of the implied covenant aside from Counterclaimant's conclusory allegations. Without such allegations, an implied covenant claim is duplicative. *See, e.g.*, *Env't Furniture, Inc. v. Bina*, No. CV 09-7978 PSG (JCx), 2010 U.S. Dist. LEXIS 133272, at *10 (C.D. Cal. Dec. 6, 2010) ("As Bina has only added the conclusory language of *Careau*[, 222 Cal. App. 3d at 1395,] and not any specific facts showing Counter-Defendants' breach of the implied covenant of good faith and faith dealing, [the] counterclaim is duplicative and insufficiently pleaded . . . ."); *Evanston Ins. Co. v. Harrison*, No. 2:20-cv-01672 WBS KJN, 2021 U.S. Dist. LEXIS 14611, at *11 (E.D. Cal. Jan. 26, 2021) (dismissing counterclaim where "conclusory allegations that Evanston wrongfully, tortiously, and unreasonably denied coverage fail[ed] to allege *facts* establishing the bad faith breach of the implied covenant" (internal quotation marks omitted)).

Counterclaimant has not alleged a counterclaim for breach of the implied covenant distinct from its counterclaim for breach of contract. Accordingly,

Counterclaim Defendant's motion to dismiss the second counterclaim for breach of the implied covenant of good faith and fair dealing is granted.[2]

## IV. LEAVE TO AMEND

Counterclaimant requests leave to amend its third amended complaint and counterclaim. (Opp'n 7–8.) Counterclaim Defendant opposes granting leave to amend. (Mot. 13–14.) "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018) (quoting *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Where the plaintiff has previously filed an amended complaint, . . . the district court's discretion to deny leave to amend is 'particularly broad.'" *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (quoting *Chodos v. W. Publ'g Co.,* 292 F.3d 992, 1003 (9th Cir. 2002)).

Counterclaimant already enjoyed four opportunities to state its counterclaims. (*See generally* Answer & Countercl.; 1st Am. Answer & Countercl.; 2d Am. Answer & Countercl.; 3d Am. Answer & Countercl.) Despite these multiple chances, Counterclaimant has repeatedly failed to cure the deficiencies in its counterclaim. Given Counterclaimant's repeated unsuccessful amendments, it is unlikely that Counterclaimant could do any better on a fifth attempt. Accordingly, the Court denies Counterclaimant leave to amend.

## V. CONCLUSION

For the reasons stated above, the Court grants Counterclaim Defendant's motion to dismiss Counterclaimant's claim for breach of the implied covenant of good faith and fair dealing. Counterclaimant is denied leave to amend. Counterclaim

---

[2] Because the Court finds that the counterclaim is dismissible as duplicative, the Court does not address the parties' arguments regarding whether Counterclaimant's addition of the claim exceeds the scope of the parties' Rule 15(a)(2) stipulation.

Defendant shall answer what remains of the third amended answer and counterclaim within 14 days.

**IT IS SO ORDERED.**