CHRISTOPHER FROST (SBN 200336)
chris@frostllp.com
BENJAMIN KASSIS (SBN 298844)
ben@frostllp.com
DAVID TIRATURYAN (SBN 350995)
david1@frostllp.com
RACHEL DUBOFF (SBN 343844)
rduboff@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Plaintiff and Counter-Defendant
NORTHERN LIGHT MEDICAL MANAGEMENT, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NORTHERN LIGHT MEDICAL MANAGEMENT, LLC, a Wyoming limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HEALTHCARE SYSTEMS CORP., INC., a Nevada corporation; WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC, d.b.a. VISTA MEDICAL CENTER EAST, an Illinois limited liability company; DOES 1 through 50, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 2:25-cv-03643-MCS (BFMx)<br><br>*Assigned to: Hon. Mark C. Scarsi*<br><br>**PLAINTIFF AND COUNTER-DEFENDANT NORTHERN LIGHT MEDICAL MANAGEMENT, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO AMERICAN HEALTHCARE SYSTEMS CORP., INC.'S THIRD AMENDED COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Action Filed:  April 24, 2025<br>Trial Date:      July 28, 2026 |

Pursuant to Federal Rule of Civil Procedure 8(b), Plaintiff and Counter-Defendant Northern Light Medical Management, LLC ("NLMM") hereby answers Defendant and Counterclaimant American Healthcare Systems Corp., Inc.'s ("AHS") Third Amended Counterclaim as follows. To the extent any allegation in the Third Amended Counterclaim is not specifically and expressly admitted, it is hereby denied.

## ANSWER TO THIRD AMENDED COUNTERCLAIM

1. Answering Paragraph 88,[1] NLMM admits that AHS provides management and support services to various hospitals nationwide, but otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding whether AHS does so to revitalize and strengthen their critical care for their patient communities, and therefore denies those allegations.

2. Answering Paragraph 89, NLMM admits that Defendant Waukegan Illinois Hospital Company, LLC d.b.a. Vista Medical Center East ("Vista") operates a hospital in Waukegan, Illinois, but otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Vista's ownership of the hospital or the composition of its patient population and funding sources, and therefore denies those allegations.

3. Answering Paragraph 90, NLMM lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding AHS's need for radiology services for Randolph Health in North Carolina in or around the summer of 2024, and therefore denies those allegations.

4. Answering Paragraph 91, NLMM admits that there is generally a high demand and limited supply for radiology services, but otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding

---

[1] The paragraph numbering in AHS's Third Amended Counterclaim continues sequentially from its Answer, beginning with Paragraph 88. For clarity, NLMM's responses correspond to AHS's paragraph numbering as presented in the Third Amended Counterclaim.

AHS's specific difficulties in finding critical services needed for continuation of patient care, and therefore denies those allegations. Except as expressly admitted herein, NLMM denies each and every allegation contained in this Paragraph.

5.  Answering Paragraph 92, NLMM lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding whether a meeting occurred on or around July 11, 2024 via Zoom between representatives of NLMM and AHS, and therefore denies those allegations. NLMM admits that its Chief Executive Officer, Patrick Santore Jr., had conversations with AHS's Chief Legal Officer, Faisal Gill, at some point during the parties' interactions, but NLMM specifically denies that any such meeting occurred on July 11, 2024, as NLMM has no record of any meeting on that date in its calendars or business records. Except as expressly admitted herein, NLMM denies each and every allegation contained in this Paragraph.

6.  Answering Paragraph 93, NLMM lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, as NLMM cannot verify the specific meeting referenced in Paragraph 92 occurred on the date alleged or confirm what was discussed in any particular conversation, and therefore denies those allegations. To the extent conversations occurred between representatives of NLMM and AHS at some point during their business relationship, NLMM admits that radiology services may have been discussed. NLMM further lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding what AHS understood, and therefore denies those allegations. Except as expressly admitted herein, NLMM denies each and every allegation contained in this Paragraph.

7.  Answering Paragraph 94, NLMM lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, as NLMM cannot verify the specific meeting referenced in Paragraph 92 occurred on the date alleged or confirm what was discussed in any particular conversation, and

therefore denies those allegations. To the extent conversations occurred between Mr. Santore and AHS representatives at some point during their business relationship, NLMM admits that Mr. Santore may have generally discussed NLMM's ability to provide radiology services. Except as expressly admitted herein, NLMM denies each and every allegation contained in this Paragraph, including specifically to the extent such allegations mischaracterize the substance of any statements made in any conversation.

8. Answering Paragraph 95, NLMM lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, as NLMM cannot verify the specific meeting referenced in Paragraph 92 occurred on the date alleged or confirm what was discussed in any particular conversation, and therefore denies those allegations. To the extent conversations occurred between Mr. Santore and AHS representatives at some point during their business relationship, NLMM admits that Mr. Santore may have generally discussed NLMM's ability to provide radiology services. Except as expressly admitted herein, NLMM denies each and every allegation contained in this Paragraph, including specifically to the extent such allegations mischaracterize the substance of any statements made in any conversation.

9. Answering Paragraph 96, NLMM lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, as NLMM cannot verify the specific meeting referenced in Paragraph 92 occurred on the date alleged or confirm what was discussed in any particular conversation, and therefore denies those allegations. To the extent conversations occurred between Mr. Santore and AHS representatives at some point during their business relationship, NLMM admits that Mr. Santore may have generally discussed NLMM's ability to provide continuous radiology coverage. Except as expressly admitted herein, NLMM denies each and every allegation contained in this Paragraph, including specifically

to the extent such allegations mischaracterize the substance of any statements made in any conversation.

10. Answering Paragraph 97, NLMM lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, as NLMM cannot verify the specific meeting referenced in Paragraph 92 occurred on the date alleged or confirm what was discussed in any particular conversation, and therefore denies those allegations. To the extent conversations occurred between Mr. Santore and AHS representatives at some point during their business relationship, NLMM admits that Mr. Santore may have generally discussed that NLMM could provide services after the parties entered into a contractual relationship with AHS. Except as expressly admitted herein, NLMM denies each and every allegation contained in this Paragraph, including specifically to the extent such allegations mischaracterize the substance of any statements made in any conversation.

11. Answering Paragraph 98, this Paragraph contains no allegations requiring a response.

12. Answering Paragraph 99, this Paragraph contains legal conclusions and argument to which no response is required. To the extent a response is required, NLMM denies each and every allegation contained in this Paragraph.

13. Answering Paragraph 100, this Paragraph contains legal conclusions and argument to which no response is required. To the extent a response is required, NLMM denies each and every allegation contained in this Paragraph.

14. Answering Paragraph 101, NLMM denies each and every allegation contained in this Paragraph.

15. Answering Paragraph 102, NLMM denies each and every allegation contained in this Paragraph.

16. Answering Paragraph 103, NLMM denies each and every allegation contained in this Paragraph.

17. Answering Paragraph 104, this Paragraph contains legal conclusions and argument to which no response is required. To the extent a response is required, NLMM lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding what AHS relied upon or any alleged detriment, and therefore denies those allegations. NLMM further specifically denies any allegation that it made false statements.

18. Answering Paragraph 105, NLMM admits that NLMM and AHS entered into the Master Service Agreement for Hospital-Based Radiology (the "Agreement") on or about September 18, 2024.

19. Answering Paragraph 106, NLMM states that the Agreement speaks for itself and denies any allegations that are inconsistent with or mischaracterize the terms thereof. To the extent a response is required, NLMM admits that Section 2.01 of the Agreement contains provisions regarding services to be performed by NLMM at the subject facilities, including subsection (I). Except as expressly admitted herein, NLMM denies each and every allegation contained in this Paragraph.

20. Answering Paragraph 107, NLMM states that the Facility Addendum to the Agreement for Vista speaks for itself and denies any allegations that are inconsistent with or mischaracterize the terms thereof. To the extent a response is required, NLMM admits that the Facility Addendum for Vista contains provisions regarding physician coverage. Except as expressly admitted herein, NLMM denies each and every allegation contained in this Paragraph.

21. Answering Paragraph 108, NLMM denies each and every allegation contained in this Paragraph, including specifically the allegations that AHS complied with or fulfilled its obligations under the Agreement—let alone "all" of its obligations under the Agreement—as AHS and Vista failed to timely pay amounts due and owing under the Agreement and failed to provide the commercially reasonable cooperation required for technology integration, among other failures by AHS. NLMM further specifically denies that it provided inaccurate, incomplete, or unprofessional services.

22. Answering Paragraph 109, NLMM denies each and every allegation contained in this Paragraph.

23. Answering Paragraph 110, NLMM denies each and every allegation contained in this Paragraph.

24. Answering Paragraph 111, NLMM denies each and every allegation contained in this Paragraph.

25. Answering Paragraph 112, NLMM denies each and every allegation contained in this Paragraph.

26. Answering Paragraph 113, NLMM denies that it performed unprofessional or untimely work, denies that its work created any risk to patient safety, and otherwise denies each and every allegation contained in this Paragraph. To the extent the Paragraph contains allegations regarding complaints AHS received from physicians or patients, NLMM lacks sufficient knowledge or information to form a belief as to the truth of those specific allegations, and therefore denies them.

27. Answering Paragraph 114, NLMM denies that it failed to perform services under the Agreement. NLMM further denies that AHS communicated any formal written notice of breach as required under Section 9.02 of the Agreement. NLMM admits that communications occurred between the parties, including with Brian Schenker, and that meetings were held. Except as expressly admitted herein, NLMM denies each and every allegation contained in this Paragraph.

28. Answering Paragraph 115, NLMM denies each and every allegation contained in this Paragraph.

29. Answering Paragraph 116, NLMM denies each and every allegation contained in this Paragraph.

30. Answering Paragraph 117, NLMM states that the Agreement speaks for itself and denies any allegations that are inconsistent with or mischaracterize the terms thereof. To the extent a response is required, NLMM admits that Section 2.01(H) of the Agreement a contains provision regarding a "Medical Director of Radiology

Services." Except as expressly admitted herein, NLMM denies each and every allegation contained in this Paragraph.

31. Answering Paragraph 118, NLMM denies each and every allegation contained in this Paragraph.

32. Answering Paragraph 119, this Paragraph contains legal conclusions and argument to which no response is required. To the extent a response is required, NLMM denies each and every allegation contained in this Paragraph.

## FIRST CLAIM FOR RELIEF[2]

### Breach of Written Contract

### (*Against Northern Light Medical Management, LLC*)

33. NLMM incorporates and realleges each and every response contained in the foregoing paragraphs of this Answer as though fully set forth herein.

34. Answering Paragraph 121, this Paragraph contains legal conclusions and argument to which no response is required. To the extent a response is required, NLMM denies each and every allegation contained in this Paragraph.

35. Answering Paragraph 122, NLMM lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, as NLMM cannot verify that a specific conversation occurred on or around July 11, 2024, and therefore denies those allegations. NLMM admits that Messrs. Santore and Gill had conversations at some point during the parties' interactions, but NLMM specifically denies that any such conversation occurred on July 11, 2024, as NLMM has no record of any meeting on that date in its calendars or business records. To the extent conversations occurred between Messrs. Santore and Gill at some point during their business relationship, NLMM admits that Mr. Santore may have generally

---

[2] NLMM includes the Third Amended Counterclaim's headings in this Answer solely for organizational clarity and ease of reference. To the extent any such headings contain allegations of fact, NLMM denies those allegations.

7

NORTHERN LIGHT MEDICAL MANAGEMENT, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO AMERICAN HEALTHCARE SYSTEMS CORP., INC.'S THIRD AMENDED COUNTERCLAIM

discussed NLMM's radiology services capabilities. Except as expressly admitted herein, NLMM denies each and every allegation contained in this Paragraph, including specifically to the extent such allegations mischaracterize the substance of any statements made during any conversation.

36. Answering Paragraph 123, NLMM lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, as NLMM cannot verify when or in what context any specific statements were made, and therefore denies those allegations. To the extent any conversations occurred between Mr. Santore and AHS representatives at some point during their business relationship, NLMM admits that Mr. Santore may have generally discussed NLMM's ability to procure a medical director upon execution of an agreement between NLMM and AHS. Except as expressly admitted herein, NLMM denies each and every allegation contained in this Paragraph, including specifically to the extent such allegations mischaracterize the substance of any statements made during any conversation.

37. Answering Paragraph 124, this Paragraph contains legal conclusions regarding reliance to which no response is required. To the extent a response is required, NLMM admits that NLMM and AHS entered into the Agreement on or about September 18, 2024. Except as expressly admitted herein, NLMM denies each and every allegation contained in this Paragraph.

38. Answering Paragraph 125, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, NLMM denies each and every allegation contained in this Paragraph.

39. Answering Paragraph 126, NLMM denies each and every allegation contained in this Paragraph.

40. Answering Paragraph 127, NLMM denies each and every allegation contained in this Paragraph.

41. Answering Paragraph 128, NLMM denies each and every allegation contained in this Paragraph.

42. Answering Paragraph 129, NLMM denies each and every allegation contained in this Paragraph.

43. Answering Paragraph 130, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, NLMM denies each and every allegation contained in this Paragraph.

44. Answering Paragraph 131, NLMM denies that it performed unprofessional or untimely work, denies that its work created any risk to patient safety, and otherwise denies each and every allegation contained in this Paragraph. To the extent the Paragraph contains allegations regarding complaints AHS received from physicians or patients, NLMM lacks sufficient knowledge or information to form a belief as to the truth of those specific allegations, and therefore denies them.

45. Answering Paragraph 132, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, NLMM denies each and every allegation contained in this Paragraph.

## SECOND CLAIM FOR RELIEF

**Breach of the Implied Covenant of Good Faith and Fair Dealing**

(*Against Northern Light Medical Management, LLC*)

46. NLMM incorporates and realleges each and every response contained in the foregoing paragraphs of this Answer as though fully set forth herein

47. Answering Paragraph 134, the Court dismissed AHS's Second Claim for Relief for Breach of the Implied Covenant of Good Faith and Fair Dealing in its entirety and without leave to amend by Order dated October 16, 2025 (ECF No. 82). Accordingly, no response is required to this Paragraph.

48. Answering Paragraph 135, the Court dismissed AHS's Second Claim for Relief for Breach of the Implied Covenant of Good Faith and Fair Dealing in its

entirety and without leave to amend by Order dated October 16, 2025 (ECF No. 82). Accordingly, no response is required to this Paragraph.

49. Answering Paragraph 136, the Court dismissed AHS's Second Claim for Relief for Breach of the Implied Covenant of Good Faith and Fair Dealing in its entirety and without leave to amend by Order dated October 16, 2025 (ECF No. 82). Accordingly, no response is required to this Paragraph. To the extent a response is required, NLMM denies each and every allegation contained in this Paragraph.

50. Answering Paragraph 137, the Court dismissed AHS's Second Claim for Relief for Breach of the Implied Covenant of Good Faith and Fair Dealing in its entirety and without leave to amend by Order dated October 16, 2025 (ECF No. 82). Accordingly, no response is required to this Paragraph. To the extent a response is required, NLMM denies each and every allegation contained in this Paragraph.

51. Answering Paragraph 138, the Court dismissed AHS's Second Claim for Relief for Breach of the Implied Covenant of Good Faith and Fair Dealing in its entirety and without leave to amend by Order dated October 16, 2025 (ECF No. 82). Accordingly, no response is required to this Paragraph. To the extent a response is required, NLMM denies each and every allegation contained in this Paragraph.

52. Answering Paragraph 139, the Court dismissed AHS's Second Claim for Relief for Breach of the Implied Covenant of Good Faith and Fair Dealing in its entirety and without leave to amend by Order dated October 16, 2025 (ECF No. 82). Accordingly, no response is required to this Paragraph. To the extent a response is required, NLMM denies each and every allegation contained in this Paragraph.

53. Answering Paragraph 140, the Court dismissed AHS's Second Claim for Relief for Breach of the Implied Covenant of Good Faith and Fair Dealing in its entirety and without leave to amend by Order dated October 16, 2025 (ECF No. 82). Accordingly, no response is required to this Paragraph. To the extent a response is required, NLMM denies each and every allegation contained in this Paragraph.

## RESPONSE TO AHS'S PRAYER FOR RELIEF

The remainder of Third Amended Counterclaim sets forth AHS's prayers for relief to which no response is required. To the extent a response is required, NLMM denies that AHS is entitled to the relief or damages it seeks.

## AFFIRMATIVE DEFENSES

NLMM incorporates by reference the responses set forth above. Without admitting the truth of any allegation or claim set forth in the Third Amended Counterclaim, NLMM asserts the following affirmative defenses to the Third Amended Counterclaim and each and every claim purportedly stated therein. In asserting these defenses, NLMM does not assume the burden of proof as to any matter for which AHS bears such burden under applicable law. Moreover, these defenses are based upon NLMM's investigation and discovery to date, and NLMM expressly reserves the right to amend, supplement, add, or withdraw any defenses as additional information becomes available.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

AHS's Third Amended Counterclaim fails to state a claim upon which relief can be granted against NLMM.

## SECOND AFFIRMATIVE DEFENSE
### (All Obligations Performed)

AHS's claims are barred, in whole or in part, on the ground that NLMM has fully and/or substantially performed any and all obligations it may have had to AHS under the Agreement, if any.

## THIRD AFFIRMATIVE DEFENSE
### (Breach of Contract)

AHS materially breached the terms of the Agreement referenced in the Third Amended Counterclaim and, therefore, is barred from any recovery by way of the

Third Amended Counterclaim and each and every claim set forth therein. Specifically, AHS breached the Agreement by, *inter alia*:

(a) failing to timely pay NLMM's invoices for services rendered and pass-through costs as required under Sections 5.02 and 5.03 of the Agreement;

(b) failing to provide commercially reasonable cooperation to facilitate technology integration as required under Section 3.05 of the Agreement;

(c) failing to ensure completion of the Cerner platform integration despite NLMM's payment of its agreed-upon share of integration costs; and

(d) failing to provide NLMM with access to billing, patient, and reimbursement records necessary for NLMM to perform billing, collection, and accounting functions as required under Section 5.02(C) of the Agreement.

These material breaches by AHS excused any further performance by NLMM and preclude AHS from any recovery under the Agreement.

## FOURTH AFFIRMATIVE DEFENSE

### (CONSENT)

By its words and conduct, AHS has consented and/or acquiesced to the conduct of NLMM and, therefore, is barred from recovery. Specifically, AHS accepted NLMM's services for months without objection, failed to provide timely written notice of any alleged breach in accordance with the formal notice-and-cure procedure set forth in the Agreement, continued to receive the benefit of NLMM's services while failing to pay for them, and by its actions and omissions consented and/or acquiesced to NLMM's performance under the Agreement. *See* Cal. Civ. Code § 1589.

## FIFTH AFFIRMATIVE DEFENSE

### (ESTOPPEL)

Because of the actions and inactions of AHS, and reliance thereon by NLMM, AHS is estopped from asserting the alleged claims set forth in the Third Amended Counterclaim against NLMM. Among other things, AHS accepted NLMM's radiology services for months without objection, made a partial payment

acknowledging the validity of NLMM's invoices, failed to provide timely written notice of any alleged breach in accordance with the formal notice-and-cure procedure set forth in the Agreement, and induced NLMM to continue providing services and incurring pass-through costs with the expectation of payment. NLMM reasonably relied on AHS's conduct to its detriment by continuing to provide services, incur costs on AHS's behalf, and pay its share of integration expenses. *See Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 789–90 (2003); Cal. Civ. Code § 3521; *see also Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1045 (9th Cir. 2009) ("Equitable estoppel precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes." (internal quotation marks and citation omitted); *Oakland Raiders v. Oakland-Alameda Cnty. Coliseum, Inc.*, 144 Cal. App. 4th 1175, 1192–93 (2006).

### SIXTH AFFIRMATIVE DEFENSE
### (Failure of Condition Precedent)

The Third Amended Counterclaim, and each and every claim set forth therein, is barred by AHS's failure to perform all conditions precedent to AHS's purported right to recovery.

### SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

AHS's damages and injuries, if any, are the result, in whole or in part, of AHS's failure to exercise reasonable care to reduce or mitigate such damages and injuries.

### EIGHTH AFFIRMATIVE DEFENSE
### (Offset/Set-Off/Recoupment)

Any recovery by AHS on its Third Amended Counterclaim is barred, in whole or in part, because NLMM is entitled to an offset, set-off, and/or recoupment for amounts owed by AHS to NLMM under the Agreement, including but not limited to unpaid invoices for radiology services, pass-through costs, and other charges subject to reconciliation upon an accounting.

### NINTH AFFIRMATIVE DEFENSE

#### (FRAUDULENT INDUCEMENT)

Negligent and/or intentional misrepresentations were made to NLMM's representatives by AHS's representatives during pre-contractual negotiations, including AHS's misrepresentation of its intent and ability to timely pay for services, provide commercially reasonable cooperation for technology integration, and maintain adequate financial resources to meet its contractual obligations. Such misrepresentations induced NLMM to enter into the Agreement with AHS on September 18, 2024, and further induced NLMM to continue performance under the Agreement, including staffing AHS's facilities, incurring substantial pass-through costs on AHS's behalf, and paying a 50% share of technology integration expenses, which NLMM would not have done absent AHS's misrepresentations. AHS knew or should have known at the time of making such representations that it lacked the intent and/or ability to fulfill its payment and cooperation obligations under the Agreement, and NLMM was damages as a direct result of AHS's misrepresentations.

### TENTH AFFIRMATIVE DEFENSE

#### (JUSTIFICATION/EXCUSE)

AHS's claims are barred, in whole or in part, on the ground that any of NLMM's actions taken with respect to AHS were justified and/or excused.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (NO INJURY OR DAMAGE)

AHS's claims are barred, in whole or in part, on the ground that AHS has suffered no injuries or damages warranting relief on the claims alleged in the Third Amended Counterclaim.

### TWELFTH AFFIRMATIVE DEFENSE

#### (PERFORMANCE EXCUSED)

AHS's claims are barred, in whole or in part, on the grounds that NLMM's performance under the Agreement was excused by AHS's material breaches, failures

to perform its own contractual obligations, and other acts and omissions that prevented or hindered NLMM's performance.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Ratification)

AHS is barred from recovery because the alleged acts and omissions by NLMM described in the Third Amended Counterclaim were ratified and/or authorized by AHS. For example, AHS ratified and accepted NLMM's performance under the Agreement by continuing to accept radiology services for multiple months without terminating the Agreement, making a partial payment of $75,000 on December 10, 2024 (thereby acknowledging the validity of the amounts owed), failing to exercise any contractual remedies, and maintaining the parties' contractual relationship despite the retroactive concerns it now alleges in its Third Amended Counterclaim. Thus, by accepting the benefit of NLMM's ongoing services and making a payment toward the invoiced amounts, AHS has ratified NLMM's performance and is barred from asserting claims based on that same performance.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

Because of AHS's misconduct in connection with the events which are the subject of this lawsuit, AHS comes into this Court with unclean hands and should, therefore, be denied any relief whatsoever.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Waiver)

By reason of its conduct, AHS has waived any right which it may have had to recover by way of its Third Amended Counterclaim and any claim contained therein. Among other things, AHS waived its right to claim a breach of contract by:

(a) continuing to accept NLMM's radiology services for months after the alleged deficiencies began;

(b) making a partial payment of $75,000 on December 10, 2024, thereby acknowledging the validity of NLMM's performance and invoices;

(c) failing to provide timely written notice of breach as required under Section 9.02 of the Agreement;

(d) failing to terminate the Agreement or exercise any available remedies despite its alleged concerns; and

(e) accepting the benefit of NLMM's continued performance while later refusing or failing to pay for those same services.

*See Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 904 F.3d 821, 833 (9th Cir. 2018) ("As a general rule, when a contracting party has knowledge of a breach by the other party and nonetheless accepts some performance of the contract, he or she has waived the breach."); *Roling v. E*Trade Sec. LLC*, 860 F. Supp. 2d 1035, 1039 (N.D. Cal. 2012).

## **RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES**

NLMM has not yet completed its investigation of the facts and circumstances underlying the Third Amended Counterclaim, nor has discovery been completed. Accordingly, NLMM expressly reserves the right to assert additional affirmative defenses as may become appropriate based upon further investigation, discovery, or other developments in this litigation.

## **NLMM'S PRAYER**

**WHEREFORE**, NLMM prays for judgment against AHS as follows:

1. That the Third Amended Counterclaim be dismissed, with prejudice and in its entirety;

2. That AHS take nothing by reason of the Third Amended Counterclaim;

3. That NLMM be awarded its costs and attorneys' fees incurred in defending this action; and

4. That NLMM be granted such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and Counter-Defendant Northern Light Medical Management, LLC hereby demands a trial by jury on all issues and claims triable by a jury.

DATED: October 30, 2025     FROST LLP

By: _____
CHRISTOPHER FROST
BENJAMIN KASSIS
DAVID TIRATURYAN
Attorneys for Plaintiff and Counter-Defendant
NORTHERN LIGHT MEDICAL MANAGEMENT, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court via the Court's CM/ECF system, which will automatically generate and send notice of this filing to all attorneys of record who have appeared in this case and who are registered users of the Court's CM/ECF system. Parties may access this filing through the Court's electronic filing system.

DATED: October 30, 2025         FROST LLP

By: _____
DAVID TIRATURYAN
Attorneys for Plaintiff and Counter-Defendant
NORTHERN LIGHT MEDICAL MANAGEMENT, LLC