UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-03643-MCS-BFM** | Date | March 30, 2026 |
| Title | ***N. Light Med. Mgmt., LLC v. Am. Healthcare Sys. Corp., Inc.*** | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| | |
|---|---|
| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER RE: STIPULATION OF DISMISSAL (ECF No. 90)**

The parties stipulate to dismiss the case with prejudice. (Stip. of Dismissal, ECF No. 90.) The dismissal is effective without a court order. Fed. R. Civ. P. 41(a)(1)(A)(ii); *see Com. Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1078 (9th Cir. 1999) ("[A] dismissal under Rule 41(a)(1) is effective on filing, [and] no court order is required . . . ."). The parties ask the Court to retain jurisdiction to enforce the settlement. (Stip. 2.) Federal courts have no inherent power to enforce settlement agreements after dismissal. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). "[E]nforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id.* at 382. However, a court may enter an order of dismissal expressly retaining jurisdiction to enforce a settlement as a condition of dismissal. *Id.* at 381–82. The parties present no reason for the Court to retain jurisdiction, and they have not publicly filed the settlement agreement the Court would be tasked with enforcing. For these reasons, the Court declines to exercise its discretion to retain jurisdiction. *See Ogbuehi v. Comcast of Cal./Colo./Fla./Or., Inc.*, 303 F.R.D. 337, 351 (E.D. Cal. 2014) (observing that courts have discretion to decline jurisdiction to enforce a settlement).

**IT IS SO ORDERED.**